## 60495. USHER v. JOHNSON et al.

POPE, Judge.

Peoples Bank of Lyons (Bank), as holder of a note and security agreement executed by Huelda Usher on September 7, 1976, filed a petition to foreclose on its interest in a 1967 Yukon Delta Camper, alleging that Ms. Usher had defaulted in her payments under the agreement. Ms. Usher answered, admitting the execution of the note and security agreement, but contending that she had obtained credit disability insurance covering the indebtedness from Southern United Life Insurance Company (Southern), which should have paid the installments due the Bank but had failed to do even though a claim and demand had been made and Ms. Usher had been disabled for almost three months. Ms. Usher also filed a third-party complaint against Southern based on its failure to inform her that the disability insurance did not cover pre-existing medical problems. Subsequent amendments were filed by Ms. Usher asserting various banking violations, negligence, fraud and conspiracy, and motions for summary judgment by all parties were filed. The trial court found that Ms. Usher's pleadings "set forth a plethora of 'defenses' . . . [with] no evidence or argument of counsel in support of these claims. They are, therefore, bare and marginal assertions which remain unamplified on the motion for summary judgment." Being unsup-

ported by evidence, the trial court deemed these defenses abandoned and granted summary judgment in favor of the Bank and Southern under the authority of *Summer-Minter Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974). Nevertheless, in its findings of fact and conclusions of law the court considered and ruled adversely, either directly or indirectly, on each of the defenses raised by Ms. Usher.

No appeal was consummated as to this judgment. However, Ms. Usher filed an action in eight counts against the Bank, Southern and J. A. Johnson (the Bank's executive vice-president) alleging, inter alia, a conspiracy among these defendants "to evade the insurance laws and deprive borrowers, and the plaintiff in particular, of being represented by a qualified licensed insurance agent who was concerned with [the] borrowers' best interest." These defendants answered, also filing motions to dismiss and for summary judgment based upon res judicata and collateral estoppel. The trial court found that this new, separate action arose out of the same transactions and had the same facts and issues as the prior suit, concluded that the prior summary judgment constituted a bar to the instant action, and granted summary judgment to the defendants. This appeal is from the judgment. We have reviewed the record before this court and affirm.

Ms. Usher argues that the doctrine of res judicata is inapplicable here because no identity of cause of action in the original proceeding and her present suit has been established, and that the former defenses and later allegations are only "vaguely similar." However, she may still be barred from maintaining this action by the previous adjudication under the doctrine of estoppel by judgment. See *Blakely v. Couch,* 129 Ga. App. 625 (1) (200 SE2d 493) (1973).

" 'Under the doctrine of res judicata, "a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties, based upon a different cause of action. In the latter case there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. (Citing.) Under both rules, in order for the former.

decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved. Code §§ 110-503, 110-504.'" *Morris v. Ga. Power Co.,* 65 Ga. App. 180, 187 (15 SE2d 730) (1941); *Williams v. Richards,* 100 Ga. App. 501 (111 SE2d 632) (1959).

"Upon the party setting up an estoppel by judgment rests the burden of proving it. [Cit.] It matters not how numerous the questions involved in the suit may be, provided they were tried and decided [Cit.]; for the judgment is conclusive not only of the thing directly decided, but of every fact which was essential to the adjudication. [Cit.] 'Any conclusion which the court or jury must evidently have arrived at in order to reach the judgment or verdict rendered will be fully concluded.'" *Callaway v. Irvin,* 123 Ga. 344, 351 (4) (51 SE 477) (1905). See generally Davis & Shulman, Ga. Prac. & Proc. 528, §§ 27-3, 27-4 (4th ed.).

Our review of Ms. Usher's defenses and third-party claims in the foreclosure action dictates the determination that the instant suit contains no distinct issue which was not raised or ascertainable in the first case. "Third-party actions are viewed as separate and independent lawsuits. [Cit.] . . . 'Obviously a judgment adjudicating a claim between a third-party plaintiff and a third-party defendant is conclusive to the same extent as though rendered in independent litigation between them.'" *Fierer v. Ashe,* 147 Ga. App. 446, 448 (249 SE2d 270) (1978). That the grant of summary judgment is a ruling on the merits was definitively established in *Summer-Minter Assoc. v. Giordano,* 231 Ga. 601, 606, supra.

Appellant's arguments notwithstanding, we think that issues raised and adjudicated as defenses rather than as third-party claims should equally be barred under the doctrines of res judicata and estoppel by judgment. Our Supreme Court has stated that a defendant is bound to set up all defenses and to seek all relief needed, " 'and he can not at will decline to litigate as a defendant over these matters and bring an independent suit against his adversary, who has already brought him into court.'" *Vaughan v. Vaughan,* 209 Ga. 730 (75 SE2d 545) (1953); see also *Lowry v. Smith,* 103 Ga. App. 601 (120 SE2d 47) (1961). Although this question appears not to have been specifically addressed in Georgia, the resolution we espouse has been previously suggested by at least one eminent local jurist. As stated by Judge Shulman in his treatise, "the application of the doctrine may benefit the plaintiff; where, for instance, the unsuccessful defendant in the prior suit wants to contest his liability upon the judgment there rendered, and the plaintiff sets up the doctrine of res judicata and the conclusiveness of the judgment."

Davis & Shulman, Ga. Prac. & Proc., § 27-3, supra.

This view appears to be in accord with the general rule "that a subsequent independent action for affirmative relief is barred by a judgment in a prior action in which the matter forming the basis for the claim for relief was interposed as a defense . . . In the case of the unsuccessful assertion of the defense in the prior action, the result has been reached where the same matter is interposed as a basis for the maintenance of an independent cause of action, or for the interposition of a counterclaim in a subsequent action, upon application of the rule that material facts or questions which were in issue in a former action, and were there judicially determined by a court of competent jurisdiction, are conclusively settled by a judgment therein." 46 AmJur2d 606, Judgments, § 435.

Thus the suit against the Bank and Southern, who were parties to the foreclosure action, is clearly barred. We likewise concur with the conclusion of the trial court that J. A. Johnson was a person necessary for proper adjudication of Ms. Usher's defenses and third-party claim in the prior suit, and his joinder was mandatory under CPA § 113 (a) (Code Ann. § 81A-113(a)). Therefore, Ms. Usher having failed to file a compulsory counterclaim against Johnson or to join him as an indispensable party, she is now also barred from further litigation against him on these issues. *Coker v. Jay Hambridge Art Foundation,* 144 Ga. App. 660 (242 SE2d 323) (1978); *P & J Truck Lines v. Canal Ins. Co.,* 148 Ga. App. 3 (251 SE2d 72) (1978).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 10, 1981.

*M. O. Strickland,* for appellant.
*Hugh B. McNatt, David R. Smith,* for appellees.