In re Rosetta M. WRIGHT, Debtor.

Rosetta M. WRIGHT, Plaintiff,

v.

F.C. McINTYRE, Defendant,

and

Hirsch Friedman, P.C., Intervenor.

Bankruptcy No. 83–02168A.
Adv. No. 85–0230A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 20, 1986.

James F. Martin, Atlanta, Ga., for Rosetta M. Wright.

Hirsch Friedman, Atlanta, Ga., for intervenor, Hirsch Friedman, P.C.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

The plaintiff/debtor, Rosetta M. Wright ("Wright"), initiated this adversary proceeding on March 25, 1985, by filing a complaint to determine the dischargeability of a debt. The debt in question is the result of a default judgment obtained by F.C. McIntyre ("McIntyre") against Wright in the amount of $326,000.00 plus costs. The judgment was entered on August 8, 1979 in the Superior Court of Fulton County, Georgia ("Superior Court"). *McIntyre v. Wright*, No. C–46594 (Super.Ct.Fulton County, Ga. Aug. 8, 1979). Representing McIntyre in the Superior Court action was Hirsch Friedman, P.C. ("Friedman").

McIntyre has not filed an answer to Wright's complaint. However, Friedman, as intervenor pursuant to this Court's Order entered on July 19, 1985, filed an an-

swer on August 22, 1985 to protect his contractual right to recover attorney's fees in the amount of 40% of any recovery obtained from Wright.

This adversary proceeding is presently before the Court on the motion for summary judgment filed by Friedman on October 25, 1985. Friedman's brief in support of his motion alleges that the judgment debt is nondischargeable under 11 U.S.C. § 523(a)(6). Wright filed her response to Friedman's motion on November 5, 1985, and Friedman filed a reply on November 14, 1985. In order for a debt to be nondischargeable under § 523(a)(6), the Court must find that the debt is "for willful and malicious injury by the debtor." 11 U.S.C. § 523(a)(6). Friedman argues that such a finding is required by the collateral estoppel effect of the Superior Court judgment entered against Wright.

The suit in the Superior Court was commenced by a complaint filed by McIntyre against Wright on November 27, 1978. The complaint alleges that Wright committed the torts of slander, libel, and intentional infliction of emotional distress by informing the Atlanta Bureau of Police Services that McIntyre had made defamatory remarks to Wright regarding her race. The complaint requests that the Court award to McIntyre a total of $326,000.00. Although the Superior Court extended the time for Wright to file an answer to February 1, 1979, Wright defaulted and subsequently failed to appear at the trial. As a result, a jury verdict in the amount of $326,000.00 was entered against Wright.

The collateral estoppel effect of the Superior Court judgment is governed by the principles of full faith and credit set forth in 28 U.S.C. § 1738. That statute provides, in relevant part, that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court

to accept the rules chosen by the State from which the judgment is taken." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982), *quoted in Parsons Steel, Inc. v. First Alabama Bank*, — U.S. ——, —— - ——, 106 S.Ct. 768, 771–72, 88 L.Ed.2d 877 (1986); *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. ——, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985); *see also Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980). "*Allen v. McCurry*, 449 U.S. 90, 99 [101 S.Ct. 411, 417, 66 L.Ed.2d 308] (1980), made clear that an exception to § 1738 will not be recognized unless a later statute contains an express or implied partial repeal." *Kremer*, 456 U.S. at 468, 102 S.Ct. at 1887, *quoted in Parsons*, 106 S.Ct. at 772.

The Bankruptcy Court in *Harris v. Byard (In re Byard)*, 47 B.R. 700, 706 (Bankr.M.D.Tenn.1985), applied these principles in deciding whether a default judgment entered by a Kansas state court should be given collateral estoppel effect in a dischargeability proceeding under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). The *Byard* Court relied heavily on language in *Marrese* to the effect that the application of § 1738 requires federal courts to apply a two-part test. *Byard*, 47 B.R. at 706 (quoting *Marrese*, 105 S.Ct. at 1332–33). *See also Bend v. Eadie (In re Eadie)*, 51 B.R. 890, 893 (Bankr.E.D.Mich.1985); Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy (Second Installment)*, 59 Am.Bankr.L.J. 55, 68 (1985) [hereinafter cited as Ferriell, (*Second Installment*)]. That two-part test was articulated as follows:

we must first determine what issue preclusive effect the courts of the State of Kansas would give to Harris' default judgment. If Kansas law indicates relitigation of any issue would be barred, then it will be necessary for us to determine if an exception to § 1738 should apply.

*Byard,* 47 B.R. at 706. In accordance with this test, this Court will (1) decide whether, under Georgia law of collateral estoppel, the Superior Court judgment would preclude Wright from litigating in this proceeding the issue of whether her debt to McIntyre is for a "willful and malicious injury by" her; and (2) if so, whether any federal statute provides an exception to the application of collateral estoppel in this case.

Under Georgia law, the doctrines of res judicata and collateral estoppel are governed by O.C.G.A. §§ 9–12–40 and 9–12–42. Section 9–12–40 provides:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Section 9–12–42 provides:

> Where the merits were not and could not have been in question, a former recovery on purely technical grounds shall not be a bar to a subsequent action brought so as to avoid the objection fatal to the first. For a former judgment to be a bar to subsequent action, the merits of the case must have been adjudicated.

Collateral estoppel, sometimes referred to by Georgia courts as estoppel by judgment, has been described as follows:

> [T]here is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined.... [I]n order for the former decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved.

*Usher v. Johnson,* 157 Ga.App. 420, 421–22, 278 S.E.2d 70, 72 (1981); *Firestone Tire & Rubber Co. v. Pinyan,* 155 Ga.App. 343, 346, 270 S.E.2d 883, 886 (1980). "Estoppel by judgment occurs only when the issue determined in the prior proceeding is the same as that in the subsequent proceeding." *Firestone,* 155 Ga.App. at 346, 270 S.E.2d at 887. "Upon the parties setting up an estoppel by judgment rests the burden of proving it." *Usher,* 157 Ga.App. at 422, 278 S.E.2d at 72. "A default judgment is considered to be 'on the merits.' " *Butler v. Home Furnishing Co.,* 163 Ga. App. 825, 296 S.E.2d 121, 122 (1982).

█ Under these principles, the collateral estoppel effect of the judgment entered against Wright in the Superior Court is not diminished by the fact that it resulted from a default. Since the Superior Court judgment was based on a default and does not recite any factual findings, the issue of whether Wright's conduct was willful and malicious within the meaning of § 523(a)(6) is not "shown by aliunde proof to have been actually litigated and determined." *Usher,* 157 Ga.App. at 421, 278 S.E.2d at 72. This Court's inquiry will now focus on the issue of whether a finding that Wright's conduct was willful and malicious within the meaning of § 523(a)(6) was necessary "for the [Superior Court's] judgment to be rendered." *Id.*

When a prior judgment does not specify which of several alternative issues support its conclusion, the burden is on the party asserting collateral estoppel to show that the issue in question was actually decided. *Cravey v. Druggists Co-Operative Ice-Cream Co.,* 66 Ga.App. 909, 913–14, 19 S.E.2d 845, 847–48 (1942). McIntyre's complaint in the Superior Court alleged that Wright made false statements to McIntyre's employer, the Atlanta Bureau of Police Services. Based on these statements, the complaint alleges, inter alia, that Wright slandered or libeled McIntyre. Friedman has not shown that the Superior Court judgment was based on grounds other than libel or slander in reference to McIntyre's trade. Accordingly, the Court will determine whether it was necessary

for the Superior Court to find a willful and malicious injury within the meaning of § 523(a)(6) in order to support a judgment based on libel or slander in reference to McIntyre's trade.

To establish a prima facie case of libel or slander in reference to one's trade, there is no requirement that a plaintiff prove malice. *See Hayes v. Irwin*, 541 F.Supp. 397, 432 (N.D.Ga.1982); *Dun & Bradstreet, Inc. v. Miller*, 398 F.2d 218, 222 (5th Cir. 1968). In all defamation cases, malice is presumed. O.C.G.A. § 51–5–1. The burden is on the publisher to rebut this presumption. *Hayes*, 541 F.Supp. at 432. Truth and absolute privilege are complete defenses. *Id.* Conditional privilege is also a good defense if other requirements are met. *Id.* at 433. Otherwise, the publisher's evidence of a lack of malice goes only to mitigate damages. *Rosanova v. Playboy Enterprises, Inc.*, 411 F.Supp. 440, 445 (S.D.Ga.1976); *Montgomery v. Pacific & Southern Co., Inc.*, 131 Ga.App. 712, 717, 206 S.E.2d 631, 635 (1974), *aff'd*, 233 Ga. 175, 210 S.E.2d 714 (1974); *Holmes v. Clisby*, 121 Ga. 241, 248, 48 S.E. 934 (1904); *Southeastern Newspapers, Inc. v. Walker*, 76 Ga.App. 57, 61–63, 44 S.E.2d 697, 701 (1947). Based on this statement of the Georgia law of slander and libel in reference to one's trade, the only finding with regard to Wright's intent necessary to support the Superior Court judgment is that Wright did not introduce sufficient evidence of a lack of wrongful intent to mitigate the award of damages below $326,- 000.00. In addition, the large amount of this award does not imply that punitive damages were necessarily included in the judgment. In defamation actions there is no limit on the amount of actual damages recoverable for "[w]ounding a man's feelings." *Fuqua Television, Inc. v. Fleming*, 134 Ga.App. 731, 734, 215 S.E.2d 694, 696 (1975).

In contrast, for a debt to be nondischargeable under 11 U.S.C. § 523(a)(6), the burden is on the creditor to show by clear and convincing evidence that the debt is for a "willful and malicious injury by the debtor." 11 U.S.C. § 523(a)(6). *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir.1981) (burden on creditor); *Lisk v. Criswell (In re Criswell)*, 52 B.R. 184, 204 (Bankr.E.D. Va.1985) (clear and convincing evidence required); *cf. Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986) (same standards under § 523(a)(2)). Moreover, a finding that the debtor's conduct was merely reckless is not sufficient to support a finding of nondischargeability under § 523(a)(6). *Miller v. Held (In re Held)*, 734 F.2d 628, 629 (11th Cir.1984). This comparison between defamation actions under Georgia law and nondischargeability actions under § 523(a)(6) shows that the default judgment against Wright in the Superior Court was not necessarily based on a finding that there was a willful and malicious injury by Wright sufficient to support a finding of nondischargeability under § 523(a)(6). *See Materia v. Pereira (In re Pereira)*, 44 B.R. 248, 252 (Bankr.D. Mass.1984) (same result under Massachusetts law of libel and slander). For that reason, this Court concludes that under Georgia law the doctrine of collateral estoppel does not preclude litigation of the issue of whether Wright's debt is nondischargeable.

Assuming arguendo that the Georgia law of collateral estoppel would require the Court to find that the debt is for "willful and malicious injury" within the meaning of § 523(a)(6), the Court will discuss the second question proposed in *Byard:* whether any federal statute provides for an exception to this application of collateral estoppel. The *Byard* Court found that there could be no exception to the application of collateral estoppel in dischargeability proceedings. *Byard*, 47 B.R. at 707. This Court does not agree.

After weighing the competing policies, the Supreme Court in *Brown v. Felson*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), held that in ruling on the dischargeability of debts under § 523(a)(2), (4), or (6), Bankruptcy Courts should not apply the doctrine of res judicata to state court judgments. *Spilman*, 656 F.2d at 226. The Supreme Court expressly declined to rule on the applicability of "the narrower principle of collateral estoppel." *Brown*, 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10. In

a number of cases not dealing with bankruptcy law issues, the Supreme Court has refused to find exceptions to the application of § 1738. *Parsons, supra,* (Anti-Injunction Act); *Marrese, supra,* (federal antitrust claim); *Migra, supra,* (civil action for deprivation of rights under 42 U.S.C. § 1983); *Kremer, supra,* (employment discrimination claim under Title VII of the Civil Rights Act of 1964); *Allen, supra,* (§ 1983 suit). Although these decisions demonstrate that the Supreme Court is reluctant to find implied exceptions to § 1738, the Court's holding in *Brown* with respect to res judicata indicates that these decisions do not necessarily preclude the possibility that an exception exists with respect to collateral estoppel in dischargeability proceedings.

The Court in *Clarks Delivery, Inc. v. Moultrie (In re Moultrie),* 51 B.R. 368, 373 (Bankr.W.D.Wash.1985), considered these decisions under § 1738 and held that collateral estoppel has no application to dischargeability proceedings. The Court held that a prior court judgment could only be used to establish a prima facie case of nondischargeability. *Id.* This analysis unduly restricts the application of collateral estoppel in dischargeability proceedings.

A better resolution of the apparent conflict between the policies behind exclusive jurisdiction in dischargeability proceedings and the policies behind the application of collateral estoppel to state court judgments is proposed in Ferriell, *(Second Installment), supra,* at 68–69. Ferriell asserts that once it is determined that the collateral estoppel effect of a state court judgment under the laws of that state is to preclude litigation in a dischargeability proceeding under §§ 523(a)(2), (4), or (6), the bankruptcy court should determine whether collateral estoppel effect would be given to the judgment under federal principles of collateral estoppel. *Id.* at 68. Ferriell then asserts that if collateral estoppel would be permitted under both state and federal rules, then the bankruptcy court should examine the relevant policies to determine whether the application of collateral estoppel will be appropriate in the particular case under consideration. *Id.* at 69.

This Court questions whether the application of federal principles of collateral estoppel should necessarily be applied in every case. Apparently, these principles are considered to be relevant in this circuit. *In re Held,* 734 F.2d at 629. The Eleventh Circuit in *Held* articulated the elements of collateral estoppel under federal law as follows:

> The doctrine of collateral estoppel bars relitigation of an issue if three requirements are met:
>
> (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue have been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in that earlier action.

*Id.* It is important to note that this conjunctive test for collateral estoppel is stricter than the disjunctive one applicable under Georgia law. *See Usher,* 157 Ga.App. at 421, 278 S.E.2d at 72.

As the *Byard* Court points out, federal principles of collateral estoppel do not bar litigation of issues necessary to default judgments, because the issues involved were not "actually litigated." *Byard,* 47 B.R. at 704 n. 4; Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy (First Installment),* 58 Am.Bankr.L.J. 349, 364 (1984) [hereinafter cited as Ferriell, *(First Installment)* ]. It follows that under federal principles of collateral estoppel, the Superior Court judgment by default against Wright would not bar litigation of the issue of whether Wright's intent in making her alleged remarks to the Atlanta Bureau of Police Services was "willful and malicious" within the meaning of § 523(a)(6).

Under the final segment of Ferriell's method of analysis, the Court is to examine the relevant policies in order to determine whether collateral estoppel should apply to the particular case under consideration. This step is in harmony with the analysis previously undertaken by courts in this circuit. *See Carey Lumber*

967

Co. v. Bell, 615 F.2d 370 (5th Cir.1980); Franks v. Thomason, 4 B.R. 814 (N.D.Ga. 1980); First Georgia Bank v. Halpern (In re Halpern), 50 B.R. 260 (Bankr.N.D.Ga. 1985). Based on policy considerations, this Court would not apply collateral estoppel in the case sub judice.

To conclude from the default judgment that Wright's intent in making the alleged statements was willful and malicious would be to assume that Wright did not appear because she in fact possessed such an intent. "Not only has there been no actual litigation of the issues, but default judgments, like consent and stipulated judgments, are frequently entered for reasons other than the merits of the case." Ferriell, (First Installment), supra, at 364. The Court is further inclined to refrain from making this presumption by the fact that, as shown earlier, the type of intent required to find a willful and malicious injury under § 523(a)(6) is not necessary to support a slander or libel judgment.

Accordingly, it is ORDERED that Friedman's motion for summary judgment is DENIED.