In re John F. HARCK and Opal R. Harck, Debtor(s).

Owen L. GOLDSMITH, Appellant(s),

v.

John F. HARCK & Opal R. Harck, Appellee(s).

Bankruptcy No. 4–85–03195–HW.
Adv. No. 485–0370–AW.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted on Briefs on Sept. 12, 1986.

Decided Jan. 16, 1987.

Thomas L. Feeny, Concord, Cal., for appellee(s).

Before ASHLAND, MOOREMAN, and MEYERS, Bankruptcy Judges.

ASHLAND, Bankruptcy Judge:

Creditor Owen Goldsmith appeals from an order granting debtor's motion for summary judgment which dismissed creditor's adversary complaint for nondischargeability. We reverse and remand.

## STATEMENT OF FACTS

The debtor John Harck, a real estate salesman licensed by the Department of Real Estate of the State of California, was the owner of real property located at 1101 Palm Avenue, Martinez, California. On March 25, 1979 Harck entered into an agreement with Robert Mares for the sale and purchase of the Palm Avenue property. Mares executed a promissory note for $5,000, payable to Harck, and secured by a deed of trust against the Palm Avenue property. To perfect the financing agreement Harck then executed a quitclaim deed to the property in favor of the trustee of the purchase agreement.

On March 6, 1980 Harck convinced Owen Goldsmith to purchase the promissory note. Harck represented that the note was a sound investment and that it was legally secured by a deed of trust against the Palm Avenue property. On March 6, 1980 Harck, for value, assigned the promissory note and deed of trust to Goldsmith. However, due to the prior conveyance to the trustee the note was *not* secured by the deed of trust on the property.

Goldsmith later learned that because he had no recorded interest in the property he could not proceed against the property for payments which had become delinquent under the promissory note. On April 13, 1984 Goldsmith commenced an action in the Superior Court of Contra Costa County against Harck and Mares for fraud and breach of fiduciary duty in the sale to Goldsmith of the beneficial interest in the promissory note.

At the instance of Goldsmith, the California Department of Real Estate filed an accusation against Harck on May 24, 1984, to determine the disposition of Harck's real estate license. The accusation was based upon the activities surrounding the assignment of the note to Goldsmith, specifically allegations of fraud and misrepresentation.

On April 11, 1985 a hearing was held before an administrative law judge. It was determined that no fraud or dishonest dealings were involved in the assignment of the note. However, Harck's license was revoked by the Department of Real Estate.

On September 12, 1985 just prior to the trial on the contract complaint filed by Goldsmith, Harck filed for relief under Chapter 7 of the Bankruptcy Code. On December 2, 1985 Goldsmith filed a complaint for nondischargeability of the debt based upon the fraudulent activities of Harck.

On February 13, 1986 Harck submitted a motion for summary judgment, alleging that the prior administrative hearing conducted by the Department of Real Estate collaterally estopped any subsequent litigation of the fraud issue.

On April 1, 1986 the bankruptcy court granted Harck's motion for summary judgment. Goldsmith now appeals from that order.

## ISSUE

Whether the issues determined in a real estate licensing hearing brought by the Department of Real Estate are collaterally

estopped from being raised in a subsequent dischargeability action brought against the real estate licensee.

## DISCUSSION

The standard of review of a court order for summary judgment is de novo. *Bunyan v. Camacho*, 770 F.2d 773 (9th Cir. 1985). The order for summary judgment shall be affirmed if, viewing the record in the light most favorable to appellant, there is no genuine issue of material fact and the appellee is entitled to judgment as a matter of law. *State of Alaska v. United States*, 754 F.2d 851 (9th Cir.1985).

At the onset of this appeal, we address whether the doctrine of collateral estoppel is applicable to an adversary proceeding in bankruptcy and precludes a party from litigating an issue previously determined by an administrative law judge in a real estate licensing hearing.

■ Under the doctrine of res judicata, a final judgment on the merits of an action bars the parties or their privies from relitigating causes of action that were or could have been raised in that action. *Federated Department Stores v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Collateral estoppel is the secondary aspect of the res judicata doctrine, precluding parties to an action from relitigating in a second proceeding matters actually litigated and determined in the prior proceeding. *People v. Sims*, 32 Cal.3d 468, 186 Cal.Rptr. 77, 651 P.2d 321 (1982). The Supreme Court established the applicability of collateral estoppel to decisions made in administrative hearings in *United States v. Utah Construction Company*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). Under *Utah* collateral estoppel may be applied to decisions made by administrative agencies when an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it, and the fair hearing process provides both parties adequate opportunity fully to litigate their claims.

■ The record of the licensing hearing indicates that the proceeding was conducted in a judicial-like manner by the California Department of Real Estate. The administrative law judge resolved the issues presented at the hearing, and published detailed findings of fact and determination of the issues according to the fraudulent conduct sections of the Business and Professional Code. The administrative judge's order was adopted by the Department of Real Estate, finding that Harck did not fraudulently induce Goldsmith to purchase the promissory note. The hearing was adversary in nature, evidence was presented by opposing parties and witnesses testified in support of the arguments. No appeal was taken from the decision and it has since become final. Thus, under *Utah*, the administrative hearing conducted by the Department of Real Estate provided the proper judicial forum and any decision rendered may be given collateral estoppel or res judicata effect, barring relitigation of the issues in the bankruptcy court.

■ However, it is well settled that in order to maintain a defense of collateral estoppel, it must be established that the previous action was between the *same* parties or privies. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Here, it has not been clearly established that Goldsmith had such an identity of interest with the California State Department of Real Estate.

Under Government Code § 11500(b), "party" is defined as a person who has been allowed to "appear" or "participate" in the proceeding. In *Stevens v. Fox Realty Corp.*, 23 Cal.App.3d 199, 100 Cal.Rptr. 63 (1972), the court found that for an individual to have "appeared" in an administrative hearing the individual must have the right to call, examine, and cross-examine witnesses. In *Horn v. County of Ventura*, 24 Cal.3d 605, 156 Cal.Rptr. 718, 596 P.2d 1134 (1979), the California Supreme Court limited "participation" in an administrative hearing to an individual who would

suffer substantial deprivations of property if not permitted to take part in the hearing.

█ In the present case, the complaint against the debtor was brought and prosecuted by the Department of Real Estate for the State of California, although Goldsmith had initially alerted the Department to the conduct upon which the accusation was based. The record further indicates that Goldsmith was not permitted to have counsel appear on his behalf at the hearing, nor was his counsel permitted to conduct discovery, present evidence, or examine and cross-examine witnesses. Nor can it be reasonably shown that Goldsmith had some property interest in Harck's real estate license of which he would have been substantially deprived had he been unable to appear at the administrative hearing. Finally, Goldsmith was not permitted to appeal the result of the administrative hearing. The record is uncontroverted, by absence of appellee's brief, that Goldsmith was denied the rights afforded a litigant to present and defend his case at the administrative hearing. Thus, a review of the record clearly establishes that Goldsmith was not a party or participant at the administrative hearing for the purposes of employing collateral estoppel in the dischargeability action.

█ In this circuit, the law is clear that "[u]nder § 523 of the Bankruptcy Code, the bankruptcy court has the exclusive jurisdiction to determine dischargeability. *In re Comer*, 723 F.2d [737,] at 740; *In re Houtman*, 568 F.2d [651,] at 653." *In re Daley*, 776 F.2d 834, 839 (9th Cir.1985), *cert. denied*, — U.S. —, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). A bankruptcy court is not bound by the common law principles of either *res judicata* or collateral estoppel in making such a determination. In *Houtman*, the Ninth Circuit made the following statement:

> The 1970 Amendments of the Bankruptcy Act imposed upon the bankruptcy courts the exclusive jurisdiction to determine dischargeability. As we read those Amendments there is no room for the application of the technical doctrine of collateral estoppel in determining the nondischargeability of debts described in section 17(a)(2), (4), and (8) of the Bankruptcy Act.

*Id.,* at 653. Later, the court in *Daley* affirmed this conclusion as applied under the Bankruptcy Code: "To make this determination [of dischargeability], the court must consider all relevant evidence bearing on the nature of the debt." *In re Daley* at 839. Accordingly, collateral estoppel should not be applied in a dischargeability proceeding similar to that presented in this case under 11 U.S.C. § 523(a). *Also, see, In re Eskenazi*, 6 B.R. 366 (9th Cir. BAP 1980); *In re DiNoto*, 46 B.R. 489 (9th Cir. BAP 1984).

Absent a proper showing that the subsequent action arises between the same parties to the original action or those in privity with them, collateral estoppel effect may not be given to the decision rendered by the administrative law judge. Moreover reviewing the grant of summary judgment de novo, *In re California Canners and Growers*, 62 B.R. 18 (9th Cir. BAP 1986), the debtor is not entitled to judgment as a matter of law. *In re Stuerke*, 61 B.R. 623 (9th Cir. BAP 1986).

Accordingly, we vacate the order dismissing the complaint and the matter is remanded to enable the trial court to set forth the basis of its decision or set this matter for a determination on the merits, as appropriate in light of the above decision.