**In the Matter of Steven Wesley BROWNLEE, Debtor.**

**Lorraine SCIARRONE, individually and as next best friend of James Patrick Sciarrone, Plaintiff,**

v.

**Steven Wesley BROWNLEE, Defendant.**

Bankruptcy No. A87–02410.
Adv. No. 87–0250A.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

March 15, 1988.

837

Clifford H. Hardwick, Roswell, Ga., for plaintiff.

Michael A. Rome, Hyatt Legal Services, Smyrna, Ga., for defendant.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This case arises out of a tragic set of events. On March 6, 1985, Steven Wesley Brownlee, an employee of the United States Postal Service at the Hapeville, Georgia Post Office, entered the post office and shot several postal employees. Mr. Brownlee killed Phillip Sciarrone, the plaintiff's husband, killed a second employee and wounded several others. Mr. Brownlee was indicted on two counts of murder and one count of aggravated assault in the Superior Court of Fulton County, State of Georgia. On June 21, 1985, a jury found Mr. Brownlee not guilty by reason of insanity on all counts.

On July 30, 1985, the debtor's sister, Felicia Brownlee Cleveland, was appointed guardian over the person and property of the defendant by the Probate Court of Fulton County, State of Georgia.

On February 3, 1987, the plaintiff Lorraine Sciarrone filed a lawsuit against the defendant for the wrongful death of Mr. Sciarrone in the United States District Court for the Northern District of Georgia, Atlanta Division, Civil Action File No. C87–175A. That case is currently pending, and the plaintiff's claim against the defendant has not been liquidated.

On March 31, 1987, Mr. Brownlee filed a petition under Chapter 7 of the Bankruptcy Code. The majority of the debt Mr. Brownlee seeks to discharge in the Chapter 7 case is debt arising out of the shootings of March 6, 1985. The three debts which are unrelated to the shootings consist of two debts to local department stores of approximately $300.00 each and one debt for child support.

On May 13, 1987, the plaintiff filed a complaint under 11 U.S.C. § 523(a)(6) objecting to the dischargeability of her claims arising from the death of her husband. The complaint alleges that any debt owed to the plaintiff by the defendant is nondischargeable because the debt arises out of a willful and malicious injury. This case is before the Court on the defendant's motion for summary judgment wherein the defendant contends that there are no genuine issues as to any material fact and that the claims are dischargeable as a matter of

law. The defendant alleges that the jury's finding of insanity in the criminal trial precludes any possibility that the debt was founded on willful and malicious conduct under § 523(a)(6).

On a motion for summary judgment, the Court must view the evidence in the light most favorable to the party opposing the motion. Summary judgment may only be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Federal Savings and Loan Insurance Corp. v. Haralson*, 813 F.2d 370 (11th Cir. 1987).

In support of the motion for summary judgment, the defendant has submitted an order of the Superior Court of Fulton County dated June 27, 1985 reciting the jury's verdict and directing the defendant's commitment to a mental health institution, a letter dated May 8, 1985 from Cassandra F. Newkirk, M.D. of Grady Memorial Hospital addressed to The Honorable Frank M. Eldridge of the Superior Court of Fulton County, and a paper entitled "evaluation report" dated May 20, 1985 filed in the guardianship proceedings commenced by the debtor's sister. The defendant has not submitted any portion of the transcript of the criminal trial.

The principal issue is whether the verdict of not guilty by reason of insanity bars the plaintiff from litigating whether the defendant's conduct was willful and malicious within the meaning of § 523(a)(6). Although the defendant has not specifically mentioned or briefed the legal principle under which the plaintiff would be precluded from litigating the issues in the case at bar, the doctrine which precludes a party from relitigating an issue actually litigated in a prior action is the doctrine of collateral estoppel. The collateral estoppel effect of a state court verdict is generally governed by 28 U.S.C. § 1738 which provides in part that the judicial proceedings of any state court "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts

of such State, Territory or Possession from which they are taken". 28 U.S.C. § 1738.

In certain situations where there is a grant of exclusive jurisdiction to the federal courts, the courts have found § 1738 to be inapplicable. In the case of dischargeability issues which Congress has committed to the jurisdiction of the bankruptcy court, the Supreme Court has held that state court judgments do not have a res judicata or claim preclusive effect. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Since *Brown*, the courts have disagreed whether the doctrine of collateral estoppel should apply in dischargeability cases. However, in *Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061 (11th Cir.1987), the Eleventh Circuit affirmed the bankruptcy court's application of collateral estoppel to a state court consent judgment in order to reach conclusions about facts that the Court then considered as evidence of nondischargeability. The Court stated that "The bankruptcy court in the instant case correctly concluded that collateral estoppel may be applied to foreclose relitigation of certain facts in a dischargeability proceeding". *Accord, Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987); *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981); and *Asplin v. Mueller (In re Mueller)*, 34 B.R. 869 (Bankr.D.Col.1983). *But see Gregg v. Rahm (In re Rahm)*, 641 F.2d 755 (9th Cir.1981), *cert. denied* 454 U.S. 860, 102 S.Ct. 313, 70 L.Ed.2d 157 (1981); *Comer v. Comer (In re Comer)*, 723 F.2d 737 (9th Cir.1984); *Goldsmith v. Harck (In re Harck)*, 70 B.R. 118 (9th Cir. BAP 1987).

The federal courts have not been uniform in deciding whether to apply the collateral estoppel law of the State in which the judgment at issue was rendered or the federal law of collateral estoppel. It appears after *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 375 and 380–381, 105 S.Ct. 1327, 1329 and 1331–1332, 84 L.Ed.2d 274 (1985) that the federal courts should look to the law of the State in which the judgment was rendered in order to determine its preclusive effect. *See also Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104

S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481–482, 102 S.Ct. 1883, 1897–1898, 72 L.Ed. 262 (1982); *Molldrem v. Wagner (In re Wagner)*, 79 B.R. 1016 (Bankr.W.D.Wis.1987); and *Wright v. F.C. McIntyre (In re Wright)*, 57 B.R. 961 (Bankr.N.D.Ga.1986).

In Georgia, collateral estoppel is available when there has been a former adjudication of the same issues by the parties or their privies, even though the adjudication may not have been upon the same cause of action. *Blakely v. Couch*, 129 Ga.App. 625, 200 S.E.2d 493 (1973); *Smith v. Wood*, 115 Ga.App. 265, 154 S.E.2d 646 (1967). The Georgia courts have held that collateral estoppel only applies to matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or to such matters which are shown to have been actually litigated and determined. *Usher v. Johnson*, 157 Ga.App. 420, 421, 278 S.E.2d 70 (1981); *Blakely*, 129 Ga.App. at 627, 200 S.E.2d 493.

■ Collateral estoppel cannot apply here to bar the plaintiff's claim for at least two reasons. First, the defendant has not shown that the issues of willfulness and maliciousness in the § 523(a)(6) case at bar were identical to or directly decided in the criminal case. In order to find the requisite identity of issues, the Court would have to find that the jury, in finding the defendant not guilty by reason of insanity, necessarily found that the defendant's conduct was not willful and malicious within the meaning of § 523(a)(6). The term "willful" is defined as "deliberate and intentional", and "malicious" has been defined as "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will". *Sunco Sales, Inc. v. Latch (In re Latch)*, 820 F.2d 1163 (11th Cir.1987); *Pioneer Bank and Trust Company v. Scotella (In re Scotella)*, 18 B.R. 975 (Bankr.N.D.Ill.1982). The defendant has not presented any part of the record of the state court proceedings, and the only

evidence before the Court relating to the jury verdict is Judge Eldridge's Order of June 27, 1985 which recites that the jury found the defendant to be not guilty by reason of insanity.[1]

In Georgia, a verdict of "not guilty by reason of insanity" may mean one of two things. The verdict may mean that at the time of the act, the defendant did not have the mental capacity to distinguish between right and wrong in relation to such act. O.C.G.A. § 16–3–2. Alternatively, the verdict may mean that at the time of the act, the defendant, because of mental disease, injury, or congenital deficiency, acted as he did because of a delusional compulsion as to such act which overmastered his will to resist committing the crime. O.C.G.A. § 16–3–3. From the limited record before this Court, it is impossible to determine what the jury relied upon in deciding that the defendant was insane or whether the factual issues involved in the instant case were directly decided in the criminal case. The record is simply insufficient to determine the controlling facts and the exact issues decided in the prior action, and the defendant has not established the requisite identity of issues.

Second, and equally important, the defendant has not established the identity of parties which is required in Georgia for collateral estoppel. While the Georgia Court of Appeals has recognized that the "modern trend" is to "confine the privity requirement to the party against whom the plea is asserted", the party against whom the plea is raised must have had a full opportunity to litigate the issue in question. *Watts v. Lippitt*, 171 Ga.App. 578, 579, 320 S.E.2d 581 (1984). The plaintiff in the case at bar was neither a party to nor in privity with a party to the criminal proceeding, for the prosecution represented the State of Georgia, not the victim or the plaintiff. Therefore, the plaintiff is not bound by the verdict. Although the prosecution and the plaintiff were both interested in convicting the defendant, merely sharing an interest in the same issue is not enough to establish

---

1. The psychological reports do not aid the Court in determining whether the jury made any factual findings which may have a bearing on the factual issues under § 523(a)(6).

privity. Privity requires a mutual or successive relationship to the same rights, and that is not present in this case. *Smith v. Wood,* 115 Ga.App. 265, 268, 154 S.E.2d 646 (1967).

As noted above, some courts have applied federal collateral estoppel instead of the State law of collateral estoppel. In the case at bar, the application of federal collateral estoppel would not affect the Court's decision, for the defendant has not proven the elements of collateral estoppel under federal law. While federal law does not require privity of parties, it does require the following:

(1) The issue at stake must be identical to the one involved in the prior litigation;

(2) The issue must have been actually litigated in the prior litigation; and

(3) The determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the prior action.

*Halpern v. First Georgia Bank (In re Halpern),* 810 F.2d 1061, 1064 (11th Cir. 1987); *Miller v. Held (In re Held),* 734 F.2d 628 (11th Cir.1984). In the case at bar, the defendant has not established any of these three elements.

■ Finally, the defendant also seems to be arguing that insanity is an affirmative defense to an objection to discharge under § 523(a)(6) and that the type of insanity which precludes a criminal conviction should also preclude any finding that a claim is nondischargeable under § 523(a)(6). The defendant has cited no statutory or case authority for this argument and the facts of this case would not support such a ruling. Furthermore, the plaintiff disputes the defendant's contention that the defendant was not capable of an intentional act under § 523(a)(6), and she argues that Mr. Brownlee repeatedly stated that he intended to kill Mr. Sciarrone. Thus, there is a material issue of fact in dispute preventing the entry of any summary judgment.

Accordingly, the defendant's motion for summary judgment is hereby DENIED.