In re Justin Eugene **MORRIS** and Teresa Duane Morris, Debtors.

Wynette **SIMS**, Plaintiff,

v.

Justin **MORRIS**, Defendant.

Bankruptcy No. A93–73290–REB.
Adv. No. 93–6948.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 14, 1994.

Ralph Goldberg, Decatur, GA, for plaintiff.

Richard G. Pechin, Forest Park, GA, for defendant.

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT E. BRIZENDINE, Bankruptcy Judge.

This adversary proceeding is before the Court on Plaintiff's motion for summary judgment. Plaintiff seeks a determination that a certain liability in the amount of $38,-000 be excepted from discharge under 11 U.S.C. § 523(a)(6). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Upon consideration of the motion and the record, the Court concludes that the motion should be denied as to dischargeability.

Plaintiff's claim is based on a judgment against Defendant–Debtor in the amount of $38,000 as entered in the State Court of Clayton County, Georgia.[1] In the judgment,

---

1. Plaintiff's statement of undisputed facts refers solely to an exhibit which he characterizes as the "case file in the Clayton State Court." The referenced documents, which appear to be certified by the clerk of the state court, include, among other things, Plaintiff's complaint, order perfecting service by publication, and final judgment. In that suit, the defendant is listed as "Justin Morris d/b/a Dealer's Choice Towing & Recovery." Under Local Rule L.R. 220–5(b)(1), N.D.Ga., as adopted herein by B.L.R. 705–2, N.D.Ga., movants for summary judgment must

entered on November 16, 1992, Plaintiff was awarded $11,000 in actual damages under the Georgia Fair Business Practices Act. In addition, the court ordered that "[b]ecause of the intentional nature of the defendant's action, such damages are trebled. In addition, punitive damages of $5,000 are awarded."

The judgment arises from Defendant's attempt to repossess a certain automobile leased by Plaintiff. In that suit, Plaintiff claimed that Defendant had no right to repossess the car because there was no enforceable security interest therein. Further, she alleged that Defendant's agent breached the peace by attempting to repossess the car on several occasions despite proof that Plaintiff was current in her payments.[2] Such actions were allegedly willful and in violation of Georgia law. It appears that Plaintiff was unable to serve Defendant with process and the state court allowed service by publication. Although the state court judgment recites that a hearing was held and evidence was taken, the extent of such evidence is not disclosed and it appears that Plaintiff's allegations and proof were deemed admitted due to Defendant's failure to controvert same.

The initial question presented is whether this Court is precluded from reconsidering any fact issues decided by the state court in its judgment and if so, whether such findings establish that Plaintiff's claim is nondischargeable as a matter of law under 11 U.S.C. § 523(a)(6). Plaintiff contends that collateral estoppel effect is warranted because under state law, default judgments are considered to be on the merits. *See generally Wright v. McIntyre (In re Wright)*, 57 B.R. 961 (Bankr.N.D.Ga.1986). She maintains that the allegation of willfulness in her complaint was admitted, and further, that the award of treble damages must have been preceded by a finding of intentional misconduct pursuant to O.C.G.A. § 10–1–399(c).[3]

Additionally, punitive damages were awarded and such an award, she claims, is appropriate when it is established that the defendant had an intent to cause damage and an entire lack of care or conscious disregard for the consequences in regard to his actions as they relate to the plaintiff. *See generally Johnson v. Horne (In re Horne )*, 46 B.R. 812 (Bankr.N.D.Ga.1985). Malice was allegedly shown by the action of Defendant's agent in breaching the peace. *See Brawner v. Askew (In re Askew )*, 22 B.R. 641 (Bankr.M.D.Ga. 1982), *aff'd without opinion*, 705 F.2d 469 (11th Cir.1983). Finally, she asserts that vicarious liability can support a finding of malicious conduct under the bankruptcy standard set forth in Section 523(a)(6). *See Impulsora Del Territorio Sur, S.A. v. Cecchini (In re Cecchini )*, 780 F.2d 1440 (9th Cir.1986) (liability based on imputation of knowledge and intent under partnership law principles); *In re Kasler*, 611 F.2d 308, 309–10 n. 3 (9th Cir.1979); *contra Giuliano v. Albano (In re Albano )*, 143 B.R. 323 (Bankr. D.Conn.1992); *Thatcher v. Austin (In re Austin )*, 36 B.R. 306, 310–12 (Bankr. M.D.Tenn.1984).

Defendant argues in opposition that the issues presented in state court are not identical to the standards required under Section 523(a)(6) because malice is not a prerequisite for recovery under the Fair Debt Collection Practices Act.[4] Moreover, he contends, malice was never pled nor established and it must be proved as a separate element from

---

submit a separate and concise statement of material, undisputed facts. In any event, Defendant herein filed no response to Plaintiff's statement as presented and thus all material facts therein are deemed admitted. *See* L.R. 220–5(b)(2), N.D.Ga., as adopted herein by B.L.R. 705–2, N.D.Ga.

2. In his brief in opposition, Defendant refers to this individual as his sub-contractor. Although the Court will refer to this person as an agent for purposes of identification in this Order, this description is not to be construed as a finding of fact.

3. Plaintiff also contends that there is no issue as to the burden of proof used in state court and that required in dischargeability determinations in light of *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

4. Although Plaintiff's state court complaint alleged liability under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6) and 1692a(6), the judgment on its face states that it was entered pursuant to the Georgia Fair Business Practices Act. Neither party herein has addressed this discrepancy nor compared the particular requirements for establishing liability under these statutes.

willfulness under Section 523(a)(6). Further, he argues that the state court record is insufficient upon which to discern the basis for judgment as entered in that court.

Section 523(a)(6) provides as follows:

A discharge under section 727 ... does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). A creditor must prove these elements by a preponderance of the evidence. *Grogan v. Garner, supra,* 498 U.S. 279, 111 S.Ct. 654. Under this provision, a plaintiff must establish two different mental traits. First, "willful" is defined as intentional or deliberate. This Court has concluded on prior occasions that willfulness under Section 523(a)(6) requires a showing that Defendant acted knowingly with respect to the harm or injury caused as a result of his conduct.

The second part of the test, maliciousness, is defined in terms of wrongfulness and without just cause or excuse. Although a finding of recklessness or reckless disregard can be used to establish malice, it is not sufficient to show willfulness. *See Blashke v. Standard (In re Standard ),* 123 B.R. 444, 449 (Bankr.N.D.Ga.1991). Further, constructive or implied malice may be established by showing that a debtor proceeded to perform an act with knowledge that it would harm the interest of another. Knowledge can be proven by inference and a specific intent to harm the plaintiff or actual ill-will is not required under this second part of the test under Section 523(a)(6). *See Lee v. Ikner (In re Ikner ),* 883 F.2d 986, 991 (11th Cir.1989); *Chrysler Credit Corp. v. Rebhan,* 842 F.2d 1257, 1263 (11th Cir.1988).

Through the state court record, Plaintiff claims that a willful and malicious injury has been established for purposes of Section 523(a)(6). Under the doctrine of collateral estoppel or issue preclusion, a party

may be barred from relitigating an issue actually and necessarily litigated and decided in a prior action. Generally, the preclusive effect to be accorded state court judgments, verdicts, and records is governed by the principles of full faith and credit set forth in 28 U.S.C. § 1738. Under this provision, federal courts must give preclusive effect to prior state judicial proceedings to the same extent as accorded by the courts in that state. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 381, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985).[5] In accordance with this mandate, federal bankruptcy courts are similarly bound to give preclusive effect to findings of fact as entered by state courts. *Kelleran v. Andrijevic,* 825 F.2d 692, 694 (2d Cir.1987), *cert. denied,* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988). If preclusive effect is appropriate under state law, the court must then decide whether any federally created statutory exception exists to prevent operation of such effect. *Marrese, supra,* 470 U.S. at 381–82, 105 S.Ct. at 1332–33; *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 468, 102 S.Ct. 1883, 1890–91, 72 L.Ed.2d 262, *reh'g denied,* 458 U.S. 1133 (1982).

Under Georgia law, estoppel by judgment (collateral estoppel) applies to such matters within the scope of the earlier pleadings as shown to have necessarily been adjudicated by the parties or their privies for a previous judgment to be rendered. *See generally Blakely v. Couch,* 129 Ga.App. 625, 200 S.E.2d 493 (1973); *see also Nix v. Hardison,* 712 F.Supp. 185, 188 (N.D.Ga.), *aff'd without op.,* 891 F.2d 906 (11th Cir.1989); *Sciarrone v. Brownlee (In re Brownlee ),* 83 B.R. 836, 839 (Bankr.N.D.Ga.1988); *Wright, supra,* 57 B.R. at 964. In addition, "... for the former decision to be conclusive, it must have been based, not merely on technical grounds, but at least in part on the merits...." *Usher v. Johnson,* 157 Ga.App. 420, 421–22, 278 S.E.2d 70, 72 (1981), citing *Morris v. Georgia Power Co.,* 65 Ga.App. 180, 187, 15 S.E.2d 730 (1941), quoting *Sumner v. Sumner,* 186 Ga. 390, 197 S.E. 833 (1938), citing Ga.Code

**5.** State court judgments, however, are not entitled to res judicata or claim preclusive effect in deciding dischargeability issues in bankruptcy court. *See Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

Ann. §§ 110–501, –503 (O.C.G.A. § 9–12–42 (1993)).[6]

 Based on the above standards, collateral estoppel can be applied to a state court judgment to enable the Court to reach conclusions about facts that would be considered as evidence of nondischargeability. This Court concludes, however, that the present record is not sufficient to permit an accurate and complete determination of the underlying grounds or basis for the state court's ruling as to Defendant's liability. The judgment simply does not disclose the controlling facts or the exact issues decided. Although the state court decided that treble damages were appropriate based on the "intentional nature" of Defendant's action, the judgment contains no factually supportive findings as to Defendant's subjective state of mind in relation to the harm suffered by Plaintiff. Moreover, the specific action being referred to in the judgment is not described. Even if Defendant's admission of Plaintiff's allegations could somehow be construed as equivalent to a finding of willfulness, the record is still incomplete.

This Court is unable to determine whether the findings therein are identical to those facts which must be established under Section 523(a)(6), or whether the legal standard applied was the same as this Court must use in analyzing intent under this provision. For instance, the evidence presented supports the conclusion that Defendant, in attempting to repossess Plaintiff's automobile through his agent, may have acted with reckless disregard as to the resulting risk of injury to Plaintiff or her property. Although such a showing may prove maliciousness, it does not demonstrate the intent required under Section 523(a)(6) as it must be established that Defendant acted intentionally with regard to the consequences of his conduct. *See American Cast Iron Pipe Co. v. Wrenn (In re Wrenn)*, 791 F.2d 1542, 1544 (11th Cir. 1986).[7] For the above reasons, Plaintiff has not established the requisite elements for application of collateral estoppel.

 To prevail on her motion for summary judgment, Plaintiff must identify those evidentiary materials listed in Fed.R.Civ.P. 56(c), as adopted herein through Fed.R.Bankr.P. 7056, that establish the absence of a genuine issue of material fact on the matters she must prove herein. As discussed above, Plaintiff has not shown that she is entitled to such relief on the basis of the state court judgment. In considering a summary judgment motion, the Court cannot make findings as to credibility or weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–51, 255, 106 S.Ct. 2505, 2510–12, 2513–14, 91 L.Ed.2d 202 (1986). Issues of intent are especially susceptible to this restriction. Further, in determining whether there is a genuine issue of material fact, the Court must view the evidence in the light most favorable to the party opposing the motion. *Hershey v. City of Clearwater*, 834 F.2d 937, 941 (11th Cir.1987); *Clark v. Union Mutual Life Insurance Co.*, 692 F.2d 1370, 1372 (11th Cir.1992).

 Based on these standards, the Court concludes that there is an issue of material fact on the issue of intent. Before any findings or conclusions are made pertaining to whether the subject indebtedness should be determined nondischargeable within the meaning of Section 523(a)(6), the Court will

---

6. Notwithstanding the Supreme Court's ruling in *Marrese, supra*, federal courts have not been uniform in deciding whether state or federal collateral estoppel rules should be applied. *Brownlee, supra*, 83 B.R. at 838–39; *cf. Wright, supra*, 57 B.R. at 966. The following elements are required under federal issue preclusion or collateral estoppel:

 (1) the issue at stake must be identical to the one involved in the prior litigation;

 (2) the issue must have been actually litigated in the prior litigation; and

 (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action.

*See Halpern v. First Georgia Bank (In re Halpern)*, 810 F.2d 1061, 1064 (11th Cir.1987); *Miller v. Held (In re Held)*, 734 F.2d 628, 629 (11th Cir.1984). Additionally, differences in the burdens of persuasion must also be considered. *Hoskins v. Yanks (In re Yanks)*, 931 F.2d 42 (11th Cir.1991).

7. Because Defendant's response centers on the element of malice, it is not clear whether he has conceded that the injurious acts in question were in fact done willfully.

allow Defendant the opportunity to present evidence and testify, at which time the Court will observe his demeanor and assess credibility.

Finally, the issue of vicarious liability must be addressed in this regard. There is no evidence as to Defendant's knowledge of his agent's actions, or that he encouraged them or was otherwise personally involved. The judgment, therefore, appears to have been entered against him based solely upon vicarious liability flowing from the acts of his agent. Thus, not only must the factual basis of Defendant's liability be precisely determined, but the Court must also decide whether vicarious liability, if it is the actions of the agent that are material, can support a finding of nondischargeability under Section 523(a)(6).

In sum, Plaintiff has failed to establish the requisite elements of collateral estoppel as to nondischargeability, and the record does not otherwise support such a determination as a matter of law. As to the liability determination and amount of Defendants' debt to Plaintiff as decided in state court, however, the Court concludes that it is entitled to preclusive effect and may not be relitigated herein. Accordingly, for the foregoing reasons, it is

**ORDERED** that Defendant's liability having been finally adjudicated and determined in certain state court proceedings, Plaintiff's motion for summary judgment is **granted** to the extent of the existence, validity, and amount of Defendant's debt, but is **denied** as to the alleged nondischargeable character of that debt under 11 U.S.C. § 523(a)(6).

This matter will be set for trial on separate written notice on the remaining issues as discussed herein.

The Clerk is directed to serve a copy of this Order upon Plaintiff's counsel, Defendant's counsel, and the Chapter 7 Trustee.

**IT IS SO ORDERED.**