RICHARD PICCICUTO[1] *vs.* RALPH E. DWYER & others.[2]

No. 90-P-908.

Hampshire. December 12, 1991. - February 13, 1992.

Present: BROWN, JACOBS, & LAURENCE, JJ.

*Unlawful Interference. Consumer Protection Act,* Businessman's claim. *Practice, Civil,* Judgment notwithstanding verdict, Appeal, Attorney's fees.

The evidence at a civil trial was sufficient to support the jury's verdict for the plaintiff, rendered on special questions concerning unlawful interference with an advantageous business relationship, as well as the jury's award of actual and consequential damages. [137-139]

In a motion for judgment notwithstanding the verdict, the defendants in a civil action were not entitled to raise an issue they had not asserted in their motion for a directed verdict. [139]

A judge properly left undisturbed a jury's award of damages. [139-140]

A plaintiff who prevailed in a civil action was entitled to seek the attorney's fees he incurred as the result of the defendants' frivolous appeal. [140]

CIVIL ACTION commenced in the Superior Court Department on September 25, 1985.

The case was tried before *Charles R. Alberti,* J.

*Neva Kaufman Rohan* for the defendants.

*Wendy Sibbison* for the plaintiff.

BROWN, J. This doomed appeal is a hapless attack on the weight of the evidence before the jury and on the trial judge's findings on claims reserved to him.[2a] Conspicuously, the defendants fail to cite any of those findings as being clearly erroneous. For the most part, the claims of error "are in reality directed toward the weight and credibility of the evidence, a matter wholly within the province of the [fact

[1]Doing business as Sheehan's Cafe.

[2]Jeffrey Dwyer and Linda L. Rex. Two other original parties and four other original claims are not involved in this appeal.

[2a]The defendants were represented by different counsel at trial.

finder]." *Commonwealth* v. *Nardone*, 406 Mass. 123, 129-130 (1989).[3] In any event, the jury's verdict, rendered on special questions respecting claims of intentional interference with an advantageous relationship, was not defective, nor was there a flaw in the judge's treatment of the companion claims under G. L. c. 93A. See in this regard *Chamberlayne Sch.* v. *Banker*, 30 Mass. App. Ct. 346, 353-355 (1991). What has been served up here by the defendants presents the classic circumstances wherein this court has awarded penalty interest and double costs as well as damages pursuant to Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979). See, e.g., *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 457-458 (1984).

Finding it unnecessary to rehearse the facts, we merely touch upon the issues raised in this frivolous appeal.

1(a). There was sufficient evidence to support the jury's finding that the defendant Jeffrey Dwyer (Dwyer), as agent for lessors, improperly and intentionally interfered with the prospective sale of the business of the tenant, the plaintiff Piccicuto.[4] It suffices to say that Piccicuto testified that Dwyer (1) demanded $50,000 of the sale price for himself as a condition to giving his consent to assigning the leases, a demand facially improper under the lease; and (2) when rebuffed, stated his intention to put Piccicuto out of business,[5] such efforts being highly successful. Even without this testimony, the jury could have found that Dwyer's series of acts, e.g., his disavowal of the lease and refusal to assign it to a prospective buyer, his campaign to sabotage the plaintiff's relationships with local real estate brokers and their clients, and to harass him with groundless complaints to the police

---

[3]Needless to say, the appellant cannot (and should not) argue that the jury was obliged to credit his evidence. See *Chase* v. *Roy*, 363 Mass. 402, 407 (1973). This court, of course, does not review issues of credibility.

[4]For an illuminating discussion in this regard, see *Anthony's Pier Four, Inc.* v. *HBC Assocs.*, 411 Mass. 451 (1991).

[5]For the flavor of the evidence adduced at trial, we note Dwyer's rejoinder to Piccicuto's refusal to pay the $50,000 demanded of him: "Today, Dick, if you want to put someone out of business, you don't open up next door to them and compete against them, you sue them."

and unjustified eviction actions, were done with "improper purpose or improper means." *United Truck Leasing Corp.* v. *Geltman,* 406 Mass. 811, 816-817 (1990). Such conduct certainly falls far below the acceptable level of fair dealing that c. 93A was designed to promote and easily attains the "level of rascality" giving rise to an action under the statute. *Levings* v. *Forbes & Wallace, Inc.,* 8 Mass. App. Ct. 498, 504 (1979).

As to the defendants' contention that the jury's verdict was the result of confusion brought about by an inappropriate jury instruction, we need only point to the defendants' failure to object after the judge reinstructed the jury. See Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). See also *Cooke* v. *Walter Kidde & Co.,* 8 Mass. App. Ct. 902, 904 (1979).

(b). Likewise, there was sufficient evidence adduced, particularly the offer of two cousins, Timothy and Paul Driscoll,[6] to buy the plaintiff's business, to support the amount of the jury's award of actual and consequential damages. Moreover, the defendants failed to object to the judge's instructions on damages.

2. Nor may the defendants resurrect the damages issue on appeal by way of a motion for judgment notwithstanding the verdict, because they did not raise the question of the amount of the damages in their motions for a directed verdict. See Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974). "[N]o grounds for a motion for judgment notwithstanding the verdict may be raised which were not asserted in the directed verdict motion." *Bonofiglio* v. *Commercial Union Ins. Co.,* 411 Mass. 31, 34 (1991).

3. The only question that fairly may be deemed open (albeit, marginally) on appeal is the propriety of the judge's denial of the defendants' motion for remittitur or a new trial on the ground of excessive damages. On this record, it cannot reasonably be concluded that the judge erred, let alone

---

[6]There was evidence that the Driscolls entered into a preliminary agreement to purchase the business and conducted extensive negotiations thereafter until they were forced to abandon the deal because of Dwyer's improper refusal to assign the leases.

abused his discretion. See in this regard *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. 790, 803 (1987).

4. The defendants failed to include in the record on appeal anything on which they properly could contest the judge's award of attorney's fees under c. 93A. Cf. *Vilakazi* v. *Maxie*, 371 Mass. 406, 408-409 (1976).

5. This dubious litigation prompts us to observe that courts are too frequently called upon to expend their limited resources to assist the needy by the machinations of the greedy. The notion that the law is simply a mirror of the manners and mores of the marketplace should not be our lodestar. "Chapter 93A has established in general, for businesses as well as for consumers, a path of conduct higher than that trod by the crowd in the past." *Doliner* v. *Brown*, 21 Mass. App. Ct. 692, 700 (1986) (Brown, J., concurring).

6. As this appeal represents the defendants' attempt to continue to evade responsibility for their behavior, we look with favor on the plaintiff's request, made pursuant to *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 19-20 (1989), for reasonable attorney's fees for this appeal. The plaintiff may submit a petition for attorney's fees to this court in the manner prescribed in *Yorke Mgmt., supra* at 20, as soon as practicable. The defendant is to have twenty calendar days from the date of said filing to respond.

> *Judgments affirmed, with interest at twelve percent from the date of the appeal and double costs of the appeal.*