**In the Matter of Anthony A. ALBANO, aka Tony Albano, dba Mr. A's, Filomena F. Albano, Debtors.**

**Brian GIULIANO, Plaintiff,**

**v.**

**Anthony A. ALBANO, aka Tony Albano, dba Mr. A's, Defendant.**

**Bankruptcy No. 2–91–03996.**

**No. 2–92–2089.**

United States Bankruptcy Court, D. Connecticut.

Aug. 3, 1992.

Robert G. Wetmore and Anthony S. Bonadies, Fred D. Sette & Associates, P.C., Hamden, Conn., for plaintiff.

Ronald I. Chorches, Chorches & Novak, P.C., Wethersfield, Conn., for defendant.

### RULING ON DEFENDANT'S AND PLAINTIFF'S CROSS-MOTIONS FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

*Issue*

Brian Giuliano, the plaintiff, on February 28, 1992 brought a complaint to determine

the dischargeability of a contingent claim he filed in the chapter 7 estate of Anthony A. Albano (the debtor). The complaint asserts that the plaintiff was assaulted by a "bouncer"-employee at the debtor's restaurant, known as Mr. A's Bistro, resulting in a nondischargeable claim for injuries under Code § 523(a)(6) (debt for "willful and malicious injury by the debtor to another entity" excepted from discharge).

■ The debtor filed a motion for summary judgment on April 22, 1992. The debtor's memorandum of law in support of his amended motion, liberally construed, contends that assuming the employee is liable for the plaintiff's injuries, the debtor is not, but even if he were, the debtor's liability to the plaintiff is dischargeable. The plaintiff filed a cross-motion for summary judgment which must be summarily denied for failure to comply with Loc. R.Civ.P. 9(c).[1] Summary judgment on the defendant's motion, for reasons hereinafter stated, will be granted.

## II.

### Background

The plaintiff was a patron at the debtor's restaurant, located in Cromwell, Connecticut, during the evening of April 27, 1991. The debtor, who does not work evenings at the restaurant, was not present. An altercation ensued in the restaurant parking lot between the plaintiff and Vincent Lego (Lego), one of the debtor's employees, during which the plaintiff sustained injuries. The debtor's prior instruction to his employees was never, under any circumstances, to confront restaurant patrons. The debtor's statement of material facts makes no claim as to who provoked the altercation and who responded in self-defense. The debtor's motion, as noted, contends that under these deemed admitted facts, he has no liability regardless of Lego's liability, or, if he does, such liability is dischargeable.

1. Loc.R.Civ.P. 9(c) requires that with every motion for summary judgment "there shall be annexed to the motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine

The debtor had filed a joint chapter 7 petition with Filomena F. Albano on December 5, 1991.

## III.

### Discussion

■ The debtor's first contention—that because he had given an order to his employees never to confront patrons and Lego had acted contrary to such order, the debtor has no liability for Lego's actions—is meritless. Connecticut law is clear that the "doctrine of respondeat superior, which makes the employer liable for actions by an employee, is based on public policy considerations that the employer 'shall be held responsible for the acts of those whom he employs, done in and about his business, *even though such acts are directly in conflict with the orders which he has given him on the subject.'*" *Belanger v. Village Pub I, Inc.,* 26 Conn.App. 509, 520, 603 A.2d 1173 (Conn.App.1992) (emphasis in the original). The debtor, accordingly, is liable for Lego's actions even if contrary to the debtor's instructions.

The more serious question raised by the debtor's motion is whether, assuming Lego's acts to be willful and malicious, such willfulness and maliciousness is imputed to the debtor. The Connecticut Supreme Court has ruled that the doctrine of respondeat superior does not impute "wanton or malicious" intent to an employer. *Maisenbacker v. Society Concordia,* 71 Conn. 369, 379–380, 42 A. 67 (1899), held that a dance hall operator was not liable for punitive damages to a plaintiff who was improperly expelled from the dance hall by the operator's employee. The court stated:

> If these facts are sufficient to show that the act of the agent was malicious or wanton, they do not prove that the principal in any way participated in such malicious or wanton misconduct. As its agent was acting within the scope of his

issue to be tried." The plaintiff's motion contains no such statement of material facts, and does not respond to the statement filed by the debtor.

employment, the law compels the defendant to compensate the plaintiff for the injuries she has sustained from the wrongful acts of the agent, but it does not punish the defendant for the malicious purpose or intent which prompted the agent's conduct.

To render the principal liable in exemplary damages for the acts of his agent in the course of his employment, but done with such malicious intent, some misconduct of the former beyond that which the law implies from the mere relationship of principal and agent, must be shown.

Although the case law construing Code § 523(a)(6) is limited, it has without exception refused to apply the doctrine of vicarious liability as the sole basis to find debts nondischargeable where the allegation for the exception from discharge is a "willful and malicious" injury. The most fully-developed authority is *Thatcher v. Austin (In re Austin)*, 36 B.R. 306 (Bankr.M.D.Tenn. 1984). In *Thatcher*, the next of kin of a pedestrian killed by an intoxicated rock-concert patron brought a nondischargeability action against the debtors-concert promoters for failure to prevent the patron who was a minor from consuming unrestricted amounts of "free beer." The plaintiff argued that the company hired by the debtors to supply the beer willfully and maliciously violated state laws regulating beer distribution, and that these acts should be imputed to the debtors. The court stated:

> [E]ven if the conduct [of debtors' agents] were characterized as "willful and malicious," ... [such] conduct [cannot] ... be "imputed" to the debtors for § 523(a)(6) purposes.... There is nothing in the language or legislative history of § 523(a)(6) to suggest that common law notions of vicarious or imputed liability are appended to the statutory exceptions to a discharge in bankruptcy. Quite the contrary, application of vicarious liability would effectively vitiate the § 523(a)(6)

requirement that only debts resulting from *willful* acts committed *by the debtor* be nondischargeable. Vicarious liability as a social policy or legal fiction ignores the master's knowledge and imposes fault and financial responsibility without regard to culpability or intent. Section 523(a)(6) is founded on the contrary notion that only a debt resulting from the deliberate acts of the debtor can be excepted from discharge in bankruptcy. In the absence of clear statutory exception for "vicarious acts," the legislative intent to permit a broad discharge in bankruptcy should not be emasculated by common law tort principles.

*Id.* at 310–312 (emphasis in the original). *See also St. Luke's Hospital of Fargo, Inc. v. Smith (In re Smith)*, 119 B.R. 714, 721 (Bankr.D.N.D.1990) (conduct of guardian and conservator cannot be imputed to incapacitated debtor to render debt nondischargeable under Code § 523(a)(6)); *Yelton v. Eggers (In re Eggers)*, 51 B.R. 452, 453–454 (Bankr.E.D.Tenn.1985) (state statute imputing "negligence or willful misconduct or violation" of motor vehicle law by minor driving motor vehicle to signatory for minor's driving permit, did not render debtors-parents' liability for death caused by minor son's driving under influence nondischargeable); *Browse v. Cornell (In re Cornell)*, 42 B.R. 860, 862–864 (Bankr. E.D.Wash.1984) (state parental liability statute which imposed strict liability on parents for willful or malicious destruction of property by their minor children insufficient basis to render debt resulting from burning of plaintiff's chicken coop by debtors' child nondischargeable). *Cf., Elmore v. Davis (In re Davis)*, 23 B.R. 633, 635 n. 5 (Bankr.W.D.Ky.1982).

■ I conclude, both under the common law of Connecticut and the unanimously reported case law construing Code § 523(a)(6), that willfulness and maliciousness are not to imputed to a debtor whose liability to a creditor arises solely from the doctrine of respondeat superior.[2]

---

**2.** Cases which, relying upon partnership law principles, hold that the liability of a guilty partner arising from a willful and malicious injury results in a nondischargeable debt for an innocent partner are not deemed apposite. *See, e.g., In re Cecchini*, 780 F.2d 1440, 1444 (9th

## IV.

### *Conclusion*

In light of the above discussion, the debtor's motion for summary judgment is granted and judgment will enter for the debtor, and the plaintiff's motion for summary judgment is denied.

Cir.1986) (willful and malicious conversion of funds by one partner acting on behalf of the partnership and in the ordinary course of partnership business is imputed to innocent partner who participated in the benefits of the conversion so as to render innocent partner's debt nondischargeable under Code § 523(a)(6)).