In re Linda L. REX, Debtor.

Richard PICCICUTO, d/b/a Sheehan's
Cafe, Plaintiff,

v.

Linda L. REX, Defendant.

In re Ralph E. DWYER, Debtor.

Richard PICCICUTO, d/b/a Sheehan's
Cafe, Plaintiff,

v.

Ralph E. DWYER, Defendant.

Bankruptcy Nos. 89–40816–
JFQ, 89–40815–JFQ.
Adv. Nos. 92–4189, 92–4190.

United States Bankruptcy Court,
D. Massachusetts.

Feb. 25, 1993.

As Amended April 20, 1993.

John A. Burdick, Burdick & DiLeo, Worcester, MA, for Ralph E. Dwyer, Linda Rex/debtors.

Richard M. Howland, Amherst, MA, for Richard Piccicuto/plaintiff.

## OPINION

JAMES F. QUEENAN, Jr., Chief Judge.

Linda L. Rex and Ralph E. Dwyer (the "Debtors") are joint owners of property in Northampton, Massachusetts. Richard M. Piccicuto, d/b/a Sheehan's Cafe (the "Creditor") brings complaints against them seeking a declaration that their judgment indebtedness to him is nondischargeable in these proceedings as a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" within the meaning of 11 U.S.C. § 523(a)(6). Because the judgment was rendered against the Debtors on a theory of vicarious liability based upon acts of their agent, I hold it does not come within the exception for discharge under the statute.

The facts are undisputed. The Creditor is the owner and operator of Sheehan's

Cafe, Inc., a tenant of the Debtors in their property at 24 Pleasant Street, Northampton, Massachusetts. In 1985, the Creditor brought suit in state court against the Debtors and Jeffrey Dwyer, son of the Debtor Ralph E. Dwyer, for improperly and intentionally interfering with a prospective sale of the Creditor's business. At the close of trial on June 14, 1989, a jury answered special questions and returned a verdict for the Creditor in the sum of $371,-000. The judge added punitive damages of $371,000 under chapter 93A of the Massachusetts General Laws governing "unfair and deceptive acts and practices." The judge entered judgment for $742,000 plus interest of $127,000. The judgment was affirmed in 1992 by the Massachusetts Appeals Court. *Piccicuto v. Dwyer,* 32 Mass. App.Ct. 137, 586 N.E.2d 38 (1992).

The basis of the jury's verdict is disclosed by their answers to special questions. It found that Jeffrey Dwyer interfered with the sale of the Creditor's business as agent for the Debtors, that his actions were malicious, not justified or privileged, that they prevented the sale from going through, and that $371,000 was adequate compensation for the Creditor's damages. The jury made no finding concerning any action of either of the Debtors. It is undisputed that the verdict and subsequent judgment was rendered against the Debtors based solely upon their vicarious liability flowing from the actions of Jeffrey Dwyer. The Creditor has made no attempt in connection with the present motion to show that the Debtors gave Jeffrey Dwyer any instructions concerning the proposed business sale or were in any way personally involved in preventing its consummation.

It is hornbook law that vicarious liability in tort under the doctrine of *respondeat superior* is imposed for policy reasons both to provide a deep pocket for damage recovery and to place the loss upon the party whose interests were sought to be advanced by the actionable conduct. W. PAGE KEETON ET AL., *Prosser and Keeton on the Law of Torts* § 69, at 500 (5th Ed.1984), and 1 J.D. LEE & BARRY A. LINDAHL, *Modern Tort Law* § 7.01 (1988).

There is quite a different policy behind the exception to discharge for debts incurred as the result of "willful and malicious injury by the debtor." In enacting section 523(a)(6) Congress regards the described conduct to be so socially reprehensible that indebtedness resulting from it is not worthy of discharge in bankruptcy. Other exceptions are similar. Fraudulent misrepresentation, which is covered in subsection (a)(2), is an aggravated type of misconduct. So too is the conduct covered by subsection (a)(4)—"fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The statute is aimed at individual conduct of a debtor. This is emphasized by its requirement that action be "by the debtor." The statute is not concerned with liability which, as here, is vicariously imposed upon a debtor under the doctrine of *respondeat superior* solely by reason of the intentional and malicious conduct of the debtor's agent or servant.

The decisions, although not numerous, appear to be uniform in adopting this reasoning. For example, in *Giuliano v. Albano (In re Albano),* 143 B.R. 323 (Bankr. D.Conn.1992), the court for these reasons refused to except from discharge liability imposed on the debtor for the assault of a patron by a "bouncer" working at the debtor' restaurant. The courts have come to the same conclusion concerning vicarious liability imposed under doctrines other than *respondeat superior. See, e.g., Thatcher v. Austin (In re Austin),* 36 B.R. 306 (Bankr.M.D.Tenn.1984) (damages from wrongful death caused by intoxicated rock concert patron not excepted from discharge of concert promoter); *St. Luke's Hospital of Fargo, Inc. v. Smith (In re Smith),* 119 B.R. 714 (Bankr.D.N.D.1990) (conduct of guardian not imputed to incapacitated debtor under subsection (a)(6); *Yelton v. Eggers (In re Eggers),* 51 B.R. 452 (Bankr. E.D.Tenn.1985)) (liability imposed by statute on signatory of minor's driving permit for "negligence or willful misconduct" of minor not included with subsection (a)(6)); *Bowse v. Cornell (In re Cornell),* 42 B.R. 860 (Bankr.E.D.Wash.1984) (liability imposed by statute upon parents for willful or

malicious destruction of property by their children outside subsection (a)(6)).

The Creditor has made no attempt to show by affidavit or otherwise that the Debtors instructed Jeffrey Dwyer to do what he did or were in any way personally involved with his actions. Summary judgment for the Debtors is therefore proper. Fed.R.Bankr.P. 7056(c) provides that summary judgment applies "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Rule 56 permits entry of summary judgment in favor of the nonmoving party even though he has made no formal cross motion under the rule. *Nat'l Expositions v. Crowley Marine Corp.*, 824 F.2d 131, 133 (1st Cir.1987); CHARLES A. WRIGHT, ARTHUR R. MILLER and MARY KAY KANE, *Federal Practice and Procedure: Civil 2d* § 2720. Summary judgment should be granted in favor of a nonmoving defendant where the plaintiff fails to prove an essential element of the case. E.g., *Nat'l Expositions v. Crowley Maritime Corp.*, 824 F.2d 131 (1st Cir. 1987); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309 (9th Cir.1982); *Quincy Co-op. Bank v. A.G. Edwards & Sons, Inc.*, 655 F.Supp. 78 (D.Mass.1986). Likewise, in this case the Plaintiff's failure to show by affidavit or otherwise that the Debtors personally engaged in willful, malicious conduct resulting in injury to the Plaintiff warrants granting summary judgment for the Defendants. The Supreme Court in *Celotex Corp. v. Catrett* dealt with the converse situation where the nonmoving party has the burden of proof. It granted summary judgment, stating: "[t]he plain language of [the rule] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a nonmoving party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In such a situation, there can be no 'genuine issue as to any material fact' since failure of proof of an essential element of the nonmoving party's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. at 2552.

In the instant case, the creditor has made no attempt to show the Debtors had actual knowledge of its agent's actions against the creditor, encouraged those actions, or were personally involved with them in any way. This is an essential element of the Creditor's case on which he has the burden of proof. Summary judgment should therefore issue for the Debtors.

Separate judgments have entered in each case declaring the judgment debt dischargeable.