# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

—————————————

**BAP Nos. MB 99-022**
**MB 99-044**

—————————————

**IN RE: VINCENT F. ZARRILLI**
**and POT SHOP, INC.,**
**Debtors.**

—————————————

**VINCENT F. ZARRILLI,**
**Appellant,**

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, as**
**Liquidating Agent/Receiver of Capitol Bank & Trust,**
**Appellee.**

—————————————

**Appeal from the United States Bankruptcy Court**
**for the District of Massachusetts**
**(Hon. Joan N. Feeney, U.S. Bankruptcy Judge)**

—————————————

**Before**

**VOTOLATO, DE JESÚS AND VAUGHN, U.S. Bankruptcy Judges**

—————————————

**Vincent Zarrilli, pro se, for appellant.**

**Frank M. Cadigan, Esq. for appellee.**

—————————————

**April 19, 2000**

—————————————

**Votolato, Chief Judge**.

Appellant has been arguing the claims and issues raised in this appeal since 1972 in both state and federal courts and, most recently, he has again presented the same issues, this time to Bankruptcy Judge Feeney. The matter is now before the Panel on an appeal of Judge Feeney's order denying Zarrilli's request to redeem his former commercial real property. Unfortunately, still another discussion of the litigation, both past and present, is necessary and unavoidable.

## BACKGROUND

The Pot Shop, Inc., filed a voluntary Chapter 11 petition in 1971. A plan of reorganization was filed and confirmed by the bankruptcy court, pursuant to the terms of the plan creditors received a stock issuance, and the case was closed in 1975.

Capital Bank & Trust ("Capital")[1] held a note and mortgage on certain commercial real estate located at 621 Boston Post Road, Sudbury, Massachusetts (the "Property"). The promissory note dated November 21, 1969, was executed by Zarrilli, as president of the Pot Shop, Inc., and guaranteed by Zarrilli and his ex-wife personally. Two years later, in October 1971, the Zarrillis and Capital executed an agreement acknowledging the November 21, 1969 promissory note, and an agreement for judgment in favor of Capital in the event of a default by the Zarrillis or the Pot Shop, Inc. The agreement for judgment was executed by Zarrilli as president of the Pot Shop, Inc., and guaranteed by the Zarrillis personally. Subsequent to the Chapter 11 filing, Capital filed the agreement for judgment with the Middlesex County Superior Court, seeking to collect the balance of its claim on Zarrilli's guarantee, but the action was stayed

---

[1] Appellee, Federal Deposit Insurance Corporation, is the liquidating agent/receiver of Capital.

2

due to the Chapter 11 filing. After Capital received its share of the distribution under the plan and the bankruptcy case was closed, Capital foreclosed on the Property. The foreclosure sale occurred on March 22, 1975, the agreement for judgment was entered in favor of Capital on August 29, 1975, and Zarrilli filed a Motion to vacate the judgment which was denied by the superior court on November 16, 1976. App. to Appellant's Brief, at A101.

A.      **State and Federal Court Litigation Regarding the Foreclosure Sale of 621 Boston Post Road, Sudbury, Massachusetts.**

In October 1976, Zarrilli commenced litigation against Capital in the Middlesex County Superior Court to set aside the foreclosure sale. His argument before the superior court in 1976 and his present argument before the Panel (nearly twenty-four years later), remain the same. Zarrilli asserts that (i) the stock issuance satisfied the debt owed to Capital in full, and that (ii) even if the stock issuance did not satisfy the debt in full, he is entitled to redeem the Property because the 1975 foreclosure sale was procedurally flawed and not conducted in accordance with applicable Massachusetts law.

In 1979, the superior court held a hearing before a Master and at the conclusion of the trial the Master determined that "...the foreclosure sale was carried out in the normal course and generally in compliance with Massachusetts law." App. to Appellant's Brief, at A77. The Master further determined that "if any irregularities did exist in the sale procedures, neither Mr. Zarrilli nor his ex-wife were prejudiced or harmed." App. to Appellant's Brief, at A78.

Zarrilli appealed the Master's report to a justice of the superior court, and in June 1979 the superior court justice affirmed the Master's decision. App. to Appellant's Brief, at A121. Zarrilli filed a motion to vacate the superior court Judge's order which was denied, and after

exhausting appeals through essentially all tiers of the Massachusetts state courts, Zarrilli filed suit in the United Sates District Court for the District of Massachusetts. Zarrilli continued to litigate in the federal courts until, on September 11, 1984, the following order issued from the United States Court of Appeals for the First Circuit:

> Regardless of the merits of appellant's claim that the distribution of common stock not merely discharged the Pot Shop's debts but satisfied them in full, the state court judgment is not void. Neither 11 U.S.C. §524 nor its predecessor applied to the bank's action seeking to collect on the guarantee. Appellant may not now collaterally attack the state court judgment.

App. to Appellant's Brief, at A80.

Despite the First Circuit's order, Zarrilli continued to litigate the issue of the stock issuance and his right to redeem the Property in the bankruptcy court, under the guise of both the 1971 Pot Shop Chapter 11 and his personal Chapter 13 filing in 1992.

### B. Bankruptcy Court Litigation: The 1971 Chapter 11 Filing of The Pot Shop, Inc.

In March 1995, Zarrilli filed a motion to reopen the 1971 Pot Shop Chapter 11 filing. The bankruptcy court determined that Zarrilli failed to show cause why the 1971 Chapter 11 case should be reopened, denied the motion, and issued further orders denying Zarrilli's subsequent serial motions for reconsideration.[2] Zarrilli sought to appeal all of the bankruptcy court orders, but that appeal was dismissed as untimely.

Three years later, in June 1998, Zarrilli again filed a motion to reopen the 1971 Pot Shop Chapter 11 filing, but this time, along with the motion to reopen, Zarrilli filed a motion to

---

[2]     Zarrilli filed a Motion for Reconsideration on March 31, 1995, a Motion for Reconsideration on April 18, 1995, a Renewed Motion for Reconsideration on May 2, 1995, and a "Final" Motion for Reconsideration on June 2, 1995.

redeem the Property which was foreclosed twenty-three years ago. The bankruptcy court denied both motions, as well as Zarrilli's motion to reconsider. A notice of appeal was filed, together with a request for a hearing on the Debtor's motion for reconsideration. The bankruptcy court granted reconsideration and a hearing was held on February 3, 1999. At the conclusion of the hearing the bankruptcy court entered the following order:

> The Debtor's motions are premised on the ability to redeem property that was foreclosed in 1975. Any such action is time-barred, and accordingly, the Debtor has not demonstrated cause for reopening this case or that the previous order denying the motion to reopen the case was in error.

App. to Appellant's Brief, at A39.

Thereafter, Zarrilli filed a conditional notice of appeal, a motion for reconsideration, and a renewed motion to consolidate the Pot Shop's bankruptcy case with his Chapter 13 case. By order dated May 5, 1999, the motions were denied by the bankruptcy court. Notice of appeal to this panel was timely filed and assigned BAP No. MB 99-044.

**C.      Bankruptcy Court Litigation: Zarrilli's 1992 Chapter 13 Filing.**

Zarrilli filed a Chapter 13 petition in January 1992, and his plan was filed in April 1992 and confirmed in June 1993. Five years later, in 1998, Zarrilli filed a conditional motion to redeem the Property and a motion requesting that the Pot Shop Chapter 11 be designated as an adversary proceeding to his Chapter 13 case. The bankruptcy court denied both motions on February 3, 1999, stating:

> The Debtor's Motion is premised on the ability to redeem the property that was foreclosed in 1975. Any such action is time-barred, and accordingly, these motions are denied.

App. to Appellant's Brief, at A37.

5

Zarrilli filed a Motion to Reconsider Order Re: Motion to Redeem and a Motion to Designate Case No. 71-458 (the Pot Shop Chapter 11) as an Adversary Proceeding to Case No. 92-10033 (Zarrilli's Chapter 13 bankruptcy). On February 23, 1999, the bankruptcy court entered an order denying the motion and the request. Notice of appeal was timely filed on March 2, 1999, and assigned BAP No. MB 99-022.

Zarrilli's Motion to Consolidate the two appeals was granted by the Panel on September 8, 1999.

## JURISDICTION

The Panel has jurisdiction to hear appeals from final orders of the bankruptcy court. *See* 28 U.S.C. § 158(a), (b). A final decision or order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945); *see also* Fleet Data Processing Corp. v. Branch (*In re* Bank of New England Corp.), 218 B.R. 643, 646-647 (B.A.P. 1st Cir. 1998)(discussing final orders in the context of bankruptcy matters.) The bankruptcy court's February 23, 1999 order denying Appellant's motion to redeem, etc. is a final order.

## SCOPE OF REVIEW

Appellant's challenge to the bankruptcy court orders seeks to raise both legal and factual issues. On appeal from a bankruptcy court order, the Panel independently reviews the bankruptcy court's decision, applying the clearly erroneous standard to its findings of fact, and de novo review to its conclusions of law. *See* Portfolio, LLC, v. Leicht (*In re* Leicht), 222 B.R. 670, 671 (B.A.P. 1st Cir. 1998); *see also* Jeffrey v. Desmond, 70 F.3d 183, 185 (1st Cir. 1995).

**DISCUSSION**

The remedy Appellant seeks is a redemption of property which was foreclosed in 1975. Appellant argues that the bankruptcy court erred in denying his motion to redeem and other motions referenced in the February 23, 1999 order. Appellant further argues that the bankruptcy court's May 5, 1999 order denying his motion to consolidate the two cases was also incorrect. For the reasons set forth below, it is the opinion of the Panel that the bankruptcy court ruled correctly in each instance, and that Appellant's claims are barred by federal law principles of res judicata.

**Order of the First Circuit Court of Appeals**[3]

Appellant contends that the First Circuit's order is not a ruling on the merits because it begins with the phrase "Regardless of the merits of Appellant's claim...." We conclude, without difficulty, that the order entered by the United States Court of Appeals for the First Circuit in 1984 is a final order on the merits and is conclusive as to Appellant's claim of redemption in the Property. Plainly, the phrase is introductory and merely suggests that, whether it considered the merits or not, the result would be the same, i.e.,"...the state court judgment is not void." The relevant and dispositive language in the order reads "Neither 11 U.S.C. §524 nor its predecessor applied to the banks actions seeking to collect on the guarantee...." This statement plainly shows that the First Circuit reviewed the merits of the cause of action before entering the order, and that in rendering its decision considered the Pot Shop's discharge[4] and what, if any, effect it would have on the bank's collection efforts. The Panel is satisfied that his claim has been fully

---

[3]     App. to Appellant's Brief, at A80.

[4]     Section 524 of the bankruptcy code is entitled "Effect of Discharge".

7

considered and that a decision has been rendered on the merits of Appellant's claim in a prior proceeding.

**Res Judicata Effect**

Appellant's claims are barred by federal law principles of res judicata. Res judicata, which literally means "a matter adjudged," is a rule which stands for the proposition that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand and cause of action. Black's Law Dictionary 1305 (16th ed. 1991).

Federal law principles of res judicata support the preclusive effect of a prior federal court judgment on a subsequent action brought in federal court. Lopez-Stubbe v. Rua (*In re* Colonial Mortgage Bankers Corp.), 228 B.R. 516, 521 (B.A.P. 1st Cir. 1999)(*citing* Apparel Art Int'l Inc. v. Amertex Enters., 48 F.3d 576, 582 (1st Cir. 1995))(other citations omitted). The following three part test is used to determine the preclusive effect of res judicata, i.e., there must be:

1) a final judgment on the merits in an earlier suit;
2) sufficient identicality between the causes of action asserted in the earlier and later suits; and
3) sufficient identicality between the parties of the two suits.

*See id.*

We have ruled above that the order entered by the First Circuit Court of Appeals in 1984 is a final order on the merits of Appellant's claim. It remains to be determined whether sufficient identicality exists between the claims brought by Appellant in the prior action and the claims brought by Appellant in the bankruptcy court.

8

If the claims advanced by Appellant in the bankruptcy court proceedings are separate and distinct from those raised in the prior proceeding then res judicata would not apply, but if Appellant's claims arise out of the same nucleus of operative facts, then federal law principles of res judicata will preclude Appellant from further litigating this appeal. Apparel, 48 F. 3d at 583 (following transactional approach to determine sufficient identicality). The transactional approach to determine identicality considers: 1) whether the facts are related in time, space, origin, and motivation; 2) whether they form a convenient trial unit; and 3) whether treating the facts as a common unit conforms with the parties' expectations. For the following reasons, we conclude that under the transactional approach, sufficient identicality between the claims in the earlier and later proceedings exists and that part two of the test is satisfied.

The claims raised before the bankruptcy court form a common nucleus of operative fact and are identical to those raised by Appellant in the prior proceeding. All facts are related in time, space, and origin (the date of the foreclosure sale); all facts form a convenient trial unit (it makes sense to litigate the merits of the foreclosure sale together with the merits of the Pot Shop's discharge and the effect it would have on the Debtor's obligation to the foreclosing bank); and litigating the foreclosure sale and the effects of the discharge together as one unit should conform to the parties' expectations. Before the Panel, Appellant argued that the bankruptcy court order is erroneous for two reasons: (i) because the stock issuance to Capital satisfied the Pot Shop's debt in full; and (ii) the foreclosure sale was not conducted in compliance with Massachusetts law. These arguments are the mirror image of those raised before the Master in Middlesex County Superior Court, the United States District Court for the District of Massachusetts, the United States Court of Appeals for the First Circuit, the United States

9

Bankruptcy Court for the District of Massachusetts, and now before the United States Bankruptcy Appellate Panel for the First Circuit. Moreover, the parties in the first proceeding are the same parties to the litigation in the bankruptcy court. Each element of the three-part test is satisfied, and Appellant's claims are barred by res judicata.

**CONCLUSION**

In addition to finding all elements of the three-part test satisfied, our decision is consistent with the policy of the doctrine of res judicata, which is to relieve parties of the cost of multiple law suits and to conserve judicial resources - two goals sorely missed here. *See generally* Porn v. National Grange Mutual Insurance Co., (*In re* Porn), 93 F.3d 31, 35 (1st Cir. 1996)(elements of res judicata are aimed at conserving judicial resources). For all of the foregoing reasons, the February 23, 1999 order of the bankruptcy court is AFFIRMED.

While the finality of the May 5, 1999 order denying Zarrilli's Motion to Consolidate is problematic, the effect of our rulings affirming the bankruptcy court's denial of the Motion to Redeem, Motion to Designate as an Adversary Proceeding, Motion to Reopen and Conditional Motion to Add Parties, all of which are the subject of the February 23, 1999 order, the issue of consolidation is clearly moot.

Finally, we must deal with the fact that since 1972 in the Pot Shop Chapter 11 and in his 1992 Chapter 13 bankruptcy, Appellant has filed a near endless succession of motions seeking reconsideration, vacation, remand and other unwarranted relief, all of which have been repeatedly determined to be without merit. These filings have been harassing, vexatious and unsupported by meaningful argument or reasonable basis in law. Accordingly, the Appellant is enjoined from filing further papers regarding this dispute in this court, except an appeal concerning this order,

10

without first submitting a written request for permission to file such papers together with detailed reasons and authorities, to the Clerk of the United States Bankruptcy Appellate Panel for the First Circuit who will forward the request to <u>this</u> Panel for consideration. In addition, Appellant is forewarned that if he continues to litigate previously decided issues, that practice will likely result in the imposition of monetary or other sanctions. *See* <u>In re Gaudet</u>, 143 B.R. 323 (Bankr. D.R.I. 1992)(*citing* <u>In re Gaudet</u>, No. 90-1329, slip op. at 1 (1st Cir. February 25, 1992)(holding frivolous filings sanctionable and directing the court not to accept additional filings from the petitioner)).