In re Marthajean BARIGIAN, Marthajean Barigian, aka Marthajean Bersentes, Debtor.

SIXTEEN TWENTY EIGHT BELLEVUE LIMITED PARTNERSHIP and James H. Bauer, managing general partner, James P. Moynihan, Thomas G. Johnson and James H. Bauer (limited partners), Plaintiffs,

v.

Marthajean BARIGIAN aka Marthajean Bersentes, Defendant.

Bankruptcy No. LA 86–01527.
Adv. No. LA 86–1362.

United States Bankruptcy Court,
C.D. California.

April 14, 1987.

408

Martha A. Warriner, Los Angeles, Cal., for plaintiffs.

Andrew Edward Smyth, Los Angeles, Cal., for defendant.

Bauer, Moynihan & Johnson, Seattle, Wash., in pro. per.

BARRY RUSSELL, Bankruptcy Judge.

This adversary proceeding is before the Court on the plaintiffs' "Complaint for Non-Dischargeability of Debt" under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6).

## FACTS

This proceeding concerns a partnership involving the debtor and the plaintiffs. After a dispute arose between the debtor and the plaintiffs, the plaintiffs filed an action seeking an arbitration award for damages against the debtor and for termination of the partnership. On January 21, 1986 an arbitration hearing took place, as provided for in the partnership agreement, and was conducted under the authority of the American Arbitration Association (AAA).

Paragraph 20 of the partnership agreement provides that the arbitration award will be binding upon the partners "... and judgment thereon may be entered in any court of competent jurisdiction."

The debtor did not attend the hearing because she had no money for a plane ticket. Even though the debtor did not appear, the hearing proceeded with plaintiffs presenting both testimonial and documentary evidence after which on the same day, January 21, 1986, the arbitrator issued written findings of fact and conclusions of law (prepared by counsel for plaintiff and consisting of 27 pages), and made the awards against the debtor which are the subject of their complaint. Before plaintiffs had the arbitration award reduced to judgment, debtor filed the present Chapter 7 case.

The trial was held before this Court on September 15, 1986. The plaintiffs based their case on the arbitration award as stated as page 9 of plaintiffs' Memorandum of Authority, "The parties before the Court are resting their case on the arbitration award, and the arbitrator has determined the facts underlying that award to be valid and correct."

Each side was also permitted to submit to this Court additional testimony by way of declarations admissible under the Federal Rules of Evidence, with the declarants to be present in court subject to cross-examination. The plaintiffs submitted a declaration of James H. Bauer, one of the plaintiffs who basically adopted the findings of the arbitrator. His conclusions and mere adoption are clearly insufficient to prove the plaintiffs' allegations against the debtor. Therefore, the plaintiffs' complaint must be proven by the arbitrator's findings if the plaintiffs are to prevail.

The debtor also submitted her declaration. Although present in court neither, Mr. Bauer nor the debtor were cross-examined.

## DISCUSSION

The issue before the Court is the preclusive effect, if any, to be given to the arbitration award pursuant to the doctrines of *res judicata* or collateral estoppel.

### Res Judicata

The Supreme Court in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767

(1979) addressed the issue of whether *res judicata* applied to a dischargeability proceeding in the Bankruptcy Court under Section 17 of the prior Bankruptcy Act, (now Section 523 of the Bankruptcy Code), after state court litigation on the debt. In resolving a conflict among the circuits, the Court held that *res judicata* did not apply and that the application of *res judicata* in dischargeability proceedings would inspire needless litigation by forcing "an otherwise unwilling party to try § 17 questions to the hilt in order to protect himself against the mere possibility that a debtor might take bankruptcy in the future." 442 U.S. at 135, 99 S.Ct. at 2211.

In *Brown*, shortly after the settlement of a state court collection suit which provided for a judgment against the debtor, the debtor filed for bankruptcy. The creditor filed a complaint in the bankruptcy case objecting to the dischargeability of the debt on the grounds that it was the product of the debtor's fraud, deceit, and malicious conversion under §§ 17(a)(2) and 17(a)(4) of the Act. (Now §§ 523(a)(2) and 523(a)(6) of the Code.)

The debtor moved for summary judgment, arguing that the prior state court proceeding did not result in a finding of fraud or conversion and that *res judicata* barred relitigation of the nature of his debt. The Bankruptcy Court granted the summary judgment holding that the record in the state court proceeding did not establish that the debtor had committed fraud or a conversion, and *res judicata* barred the creditor from offering additional evidence to prove the underlying nature of the debt. Both the District Court and the Tenth Circuit affirmed.

The Supreme Court reversed and in a unanimous opinion held that a Bankruptcy Court may consider evidence extrinsic to the judgment and record of a prior state court suit when determining whether a debt reduced to judgment in the state court is dischargeable, since *res judicata* does not apply to bar a creditor from offering additional evidence to meet a new defense of bankruptcy asserted by a debtor.

In footnote 10 the Supreme Court in *Brown* explicitly left unanswered the effect of collateral estoppel in dischargeability litigation, stating:

This case concerns *res judicata* only, and not the narrower principle of collateral estoppel. Whereas *res judicata* forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

Because respondent does not contend that the state litigation actually and necessarily decided either fraud or any other question against petitioner, we need not and therefore do not decide whether a bankruptcy court adjudicating a § 17 question give collateral-estoppel effect to a prior state judgment.

442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10.

## COLLATERAL ESTOPPEL

Collateral estoppel is used to encourage the parties to present their best arguments on the issues in question in the first instance and thereby increase judicial efficiency. The theory is that there is no reason to presume that the parties will not vigorously present their case on issues necessary to the state court proceedings or that the bankruptcy court will be any more fair or accurate than the state court in the determination of the facts. Thus, there is no reason to allow relitigation of facts previously litigated which were necessary to the outcome of that prior litigation.

The generally accepted requirements for the application of collateral estoppel are:

1. The issue sought to be precluded must be the same as that involved in the prior action;

2. The issue must have been actually litigated;

3. It must have been determined by a valid and final judgment; and

4. The determination must have been essential to the final judgment.

*See Spilman v. Harley,* 656 F.2d 224, 227–28 (6th Cir.1981); *Matter of Ross,* 602 F.2d 604, 608 (3rd Cir.1979); *In re Fercho,* 39 B.R. 764, 766 (Bkrtcy.D.N.D.1984); *Matter of Supple,* 14 B.R. 898, 903 (Bkrtcy. Conn.1981); *Matter of Allen,* 3 B.R. 355, 357–58 (Bkrtcy.W.D.N.Y.1980).

The most difficult element of the test is the "identity of issue" requirement of the first prong. As the Court in *Supple, supra,* observed:

> A bankruptcy court cannot give collateral estoppel effect to a prior state court adjudication if the issue before the bankruptcy court differs from the issue which was before the state court. The standards employed by the state court in reaching its decision must comport with federal standards. To insure such an identity of standards, a bankruptcy court must scrutinize the entire record of the state court proceedings.

14 B.R. at 904.

■ Plaintiffs have failed to carry their burden of proof under the first element. The arbitrator applied the Commercial Arbitration Rules as amended April 1, 1985 by the American Arbitration Association. Rule 31 provides in pertinent part "The Arbitrator shall be the judge of the relevancy and materiality of the evidence offered and *conformity to legal rules of evidence shall not be necessary."* (Emphasis added). Where the prior trial findings of fact were not based upon evidence introduced pursuant to rules of evidence substantially identical to the Federal Rules of Evidence, the doctrine of collateral estoppel will not apply to such findings.

■ Therefore, collateral estoppel is inapplicable because the arbitrator's findings were based upon evidence, the admissibility of which was not based upon the rules of evidence.

*Were the Issues Actually Litigated?*

■ Before applying the doctrine of collateral estoppel, the Bankruptcy Court must determine if the issues were actually litigated. If the issues were not actually litigated in the prior proceeding, as is the case with a default judgment, collateral estoppel does not bar relitigation in the Bankruptcy Court. *Spilman v. Harely, supra; Matter of McMillan,* 579 F.2d 289 (3rd Cir.1978); *In re Bishop,* 55 B.R. 687 (Bkrtcy.W.D.Ky.1985); *In re Myers,* 52 B.R. 901 (Bkrtcy.E.D.Va.1985); *In re Anderson,* 49 B.R. 655 (Bkrtcy.W.D.Wisc. 1984); *In re Anderson,* 30 B.R. 229 (Bkrtcy.S.D.Fla.1983); *But see In re Byard,* 47 B.R. 700 (Bkrtcy.M.D.Tenn. 1985).

■ A default judgment does not even establish a *prima facie* case of dischargeability. As three Bankruptcy Courts have held:

> To allow a default judgment to have even the limited effect of forcing the defendant to rebut a *prima facie* case of fraud would defeat a major objective of the 1970 revision of the Bankruptcy Act which granted to bankruptcy court jurisdiction to determine the question of dischargeability. *In re Wong,* 5 BCD 222, 225 (D. Ore.1979) (quoted in *In re Joseph,* 22 B.R. 319, 321 (Bkrtcy.E.D.N.Y. 1982); *In re Iannelli,* 12 B.R. 561, 565 (Bkrtcy.S.D.N.Y.1981)).

■ It is the conclusion of the Court that the issues decided by the arbitrator were not "actually litigated" for purposes of the application of the doctrine of collateral estoppel. The hearing before the arbitrator which the debtor did not attend was, in effect, a prove-up hearing which resulted in a default judgment. As previously noted, the 27 page Arbitration Award was prepared by counsel for plaintiffs and signed by the arbitrator the day of the hearing.

The Court having concluded that the Arbitration Award is not entitled to collateral estoppel effect, the plaintiffs have failed to carry their burden of proof on their "Complaint for Non-dischargeability of Debt". The debts are therefore dischargeable.

This Memorandum of Opinion shall constitute Findings of Fact and Conclusions of Law in accordance with Bankruptcy Rule 7052.

A separate Order will be issued finding the debts to be dischargeable.

IT IS SO ORDERED.