**In re Carlos A. SELMONOSKY, Debtor.**

**TOWER OAK, INC., Plaintiff**

v.

**Carlos A. SELMONOSKY, Defendant.**

**Bankruptcy No. G95–21141–REB.
Adv. No. 95–2082.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

Nov. 21, 1996.

William L. Reilly, Ellijay, Georgia, for Plaintiff.

Jay E. Loeb, Gershon, Olim, Katz & Loeb, Atlanta, GA, for Defendant.

**ORDER DENYING DEFENDANT–DEBT-OR'S MOTION FOR SUMMARY JUDGMENT, SECOND MOTION TO DISMISS COMPLAINT, AND MOTION TO QUASH PORTIONS OF AFFIDAVIT OF DALE LINGLE AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

ROBERT E. BRIZENDINE, Bankruptcy Judge.

This adversary proceeding is before the Court on several matters including cross motions for summary judgment. After reviewing the record and evidence presented, and

after considering the argument presented in the briefs, the Court concludes that Defendant–Debtor's motion for summary judgment, second motion to dismiss complaint, and motion to quash should all be denied. With respect to Plaintiff's motion for summary judgment, the Court finds that Debtor's liability has been finally adjudicated and determined in certain state court proceedings based on an arbitration award, and said motion will, therefore, be granted to the extent of the existence, validity, and amount of Debtor's debt to Plaintiff, but will be denied with regard to the alleged nondischargeable character of that debt.

Plaintiff seeks herein a determination that a debt arising from an arbitration award in the amount of $77,731.18, which subsequently became the judgment of a state superior court, is nondischargeable under 11 U.S.C. § 523(a)(2)(A) because it was obtained in connection with a lawsuit alleging, among other things, fraud. Plaintiff further asserts that the aforesaid debt is nondischargeable under 11 U.S.C. § 523(a)(4) "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).[1]

Summary judgment may be granted pursuant to Fed.R.Civ.P. 56, applicable herein by and through Fed.R.Bankr.P. 7056, if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Plaintiff as movant herein has the initial burden of showing that there is no genuine issue of material fact and the Court must view the evidence in the light most favorable to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742–43 (11th Cir.1996); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *see also* Fed.R.Civ.P. 56(e).

The undisputed facts are as follows. On May 29, 1990, Plaintiff filed suit against Debtor in the Superior Court of Gilmer County, Georgia alleging breach of contract, theft by conversion, and tortious interference with contract. Criminal charges of theft by conversion were also filed against Debtor by reason of the underlying facts. Subsequently, in April, 1992, Plaintiff and Debtor entered into a settlement agreement, but the dismissal of the aforesaid civil matter was contingent upon the satisfaction of certain conditions. The agreement also made provision for recommendation concerning the disposition of the pending criminal charges against Debtor.[2]

The civil action was not dismissed and later appeared on the Gilmer County Superior Court jury trial calendar. Thereupon, the parties agreed to submit all issues to binding arbitration, and once the arbitrator made his ruling, it would be returned to the Superior Court to be made the judgment of the court. The arbitrator entered his ruling though the parties herein dispute the characterization of same. Copies of the Agreement to Arbitrate, Binding Award of Arbitrator, and Final Judgment and Decree are attached to Plaintiff's Amended Complaint as Exhibits "B," "C," and "D," respectively, and Debtor evidently does not object to their authenticity. *See* Debtor's Answer to Second Amended Complaint.

In support of its motion for summary judgment, Plaintiff argues that the arbitrator's award is dispositive and is entitled to preclusive effect in this adversary proceeding. In response, Debtor counters that summary judgment is inappropriate for three reasons, to wit: (1) the present record is insufficient to establish that collateral estoppel effect is warranted; (2) Debtor's own summary judgment remains pending herein; and (3) Plaintiff is a non-entity as it was administratively dissolved on July 23, 1995.

---

1. By Order entered on May 13, 1996, the Court granted Debtor's motion to strike any cause of action under 11 U.S.C. § 523(a)(6). In addition, Debtor has asserted a counterclaim in this matter for $11,372.98 plus interest based on an alleged breach of settlement agreement, which serves as the basis of his counterclaim herein.

2. As a result of this agreement, the criminal charges against Debtor were nolle prossed on June 9, 1992.

Under the arbitration agreement, the parties specifically agreed that all controversies "touching and relating to the subject matter" of Plaintiff's state court complaint and Debtor's answer and counterclaim were to be submitted to the arbitrator. A consent order was entered reflecting such agreement and Plaintiff's complaint was removed from the state court trial calendar. Among other things, the arbitrator found and concluded that Debtor breached the employment agreement between the parties and took certain personal property including accounts receivables and related documents belonging to Plaintiff. The arbitrator then awarded Plaintiff the amount of $77,731.18, but concluded that Debtor was entitled to retain any proceeds that he was able to collect from the disputed receivables. Pursuant to the prior consent order and based on the arbitration award, the Gilmer Superior Court entered final judgment in favor of Plaintiff and against Debtor consistent with the award of the arbitrator.

 As stated above, Plaintiff contends that the findings in the award and subsequent judgment are binding under the doctrine of collateral estoppel. Under this doctrine, also known as issue preclusion, a party may be barred from relitigating an issue actually and necessarily litigated and decided in a prior action. Debtor argues in response that the factual issues determined by the arbitrator are not conclusive herein because the rules of evidence in arbitration are less stringent than the Federal Rules of Evidence. Further, Debtor maintains that Plaintiff's motion must fail and entry of summary judgment is inappropriate due to the absence of a transcript or detailed findings of fact and conclusions of law concerning the various causes of action that were submitted to the arbitrator. Because the issues submitted included breach of contract, Debtor argues that the award may not have been entered on the claims of conversion or interference with contract and thus it cannot serve as a basis for establishing nondischargeability herein.

 The principal question presented on Plaintiff's motion is whether this Court is precluded from reconsidering any fact issues decided by the arbitrator and, if so, whether such findings establish that Plaintiff's claim is nondischargeable as a matter of law under 11 U.S.C. § 523(a)(2)(A) or (a)(4). Generally, the preclusive effect to be accorded state court judgments, verdicts, and records is governed by the principles of full faith and credit set forth in 28 U.S.C. § 1738. Under this provision, federal courts must give preclusive effect to prior state judicial proceedings to the same extent as accorded by the courts in that state. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380–81, 383–86, 105 S.Ct. 1327, 1331–32, 1333–35, 84 L.Ed.2d 274 (1985). When specifically mandated by federal statute, however, a federal law exception may prohibit application of preclusive effect under Section 1738 even though such effect would otherwise be warranted under state law. *See e.g. Brown v. Felsen,* 442 U.S. 127, 129–30, 132–38, 99 S.Ct. 2205, 2208–09, 2209–13, 60 L.Ed.2d 767 (1979); *see also Norrell Health Care, Inc. v. Clayton (In re Clayton),* 168 B.R. 700, 704 (Bankr.N.D.Cal.1994); *Wright v. McIntyre (In re McIntyre),* 57 B.R. 961, 963 (Bankr.N.D.Ga.1986).[3]

In this case, the matter is further complicated because the judgment upon which Plaintiff relies to establish its claim is based on an arbitration award made the judgment of a state court. Many federal courts now acknowledge that such arbitral awards may be entitled to issue preclusive effect in subsequent federal actions as if they had been entered by a court in the absence of arbitration. *See Lifecare Int'l Inc. v. CD Medical,* 68 F.3d 429 (1995), *opinion modified and supplemented on other grounds,* 85 F.3d 519 (11th Cir.1996); *see also Greenblatt v. Drexel Burnham Lambert, Inc.,* 763 F.2d 1352, 1360–61 (11th Cir.1985); *The Celotex Corp. v.*

---

**3.** In *Brown v. Felsen,* the Supreme Court held that state court rulings may not be given res judicata or claim preclusive effect in connection with the determination of dischargeability issues committed to the jurisdiction of the bankruptcy courts by Congress. 442 U.S. at 132–37, 99 S.Ct. at 2209–12. The Court expressly observed, however, that application of issue preclusive effect or collateral estoppel remained possible in such litigation. 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10; *see also* 11 U.S.C. § 523(c) & Fed. R.Bankr.P. 4007.

*AIU Ins. Co. (In re The Celotex Corp.),* 196 B.R. 602 (Bankr.M.D.Fla.1996); *accord Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 222–23, 105 S.Ct. 1238, 1241, 1243–44, 84 L.Ed.2d 158 (1985).[4] Moreover, the Eleventh Circuit Court of Appeals has expressed a high regard for arbitral awards as evidenced by the standard that such awards should be vacated only if they are arbitrary and capricious. *Lifecare,* 68 F.3d at 435; *Celotex,* 196 B.R. at 607.[5]

■ The actual determination of the preclusive effect of factual findings supporting an arbitration award must occur on a case-by-case basis centered on an evaluation of certain criteria designed to protect the federal interest in the federal proceeding. *Greenblatt,* 763 F.2d at 1360–61. These criteria are as follows: (1) the nature of the federal interests at issue; (2) expertise of the arbitrator and scope of his authority; and (3) procedural adequacy of the arbitration proceeding. *See also Byrd,* 470 U.S. at 222–23, 105 S.Ct. at 1243–44; *Celotex,* 196 B.R. at 606–08; *accord McDonald v. City of West Branch,* 466 U.S. 284, 288–92, 104 S.Ct. 1799, 1802–04, 80 L.Ed.2d 302 (1984). Hence, in accordance with the standard enunciated in *Greenblatt,* 763 F.2d at 1361, this Court must first decide whether preclusive effect may be considered in connection with the arbitration award and state court judgment in question.

■ Under this line of inquiry, as guided by the *Greenblatt* test, the Court observes that, in the context of a dispute over the dischargeability of a debt under 11 U.S.C. § 523(a) of the Bankruptcy Code, the federal interest concerned, though significant, does not rise to the level of a constitutional right which could well prohibit applicability of such

preclusive effect. *Greenblatt,* 763 F.2d at 1360; *see also Grogan v. Garner,* 498 U.S. 279, 284–85, 111 S.Ct. 654, 658–59, 112 L.Ed.2d 755 (1991). In fact, the Supreme Court in *Grogan* specifically stated that collateral estoppel or issue preclusion may be applied in reaching conclusions about certain underlying factual issues that are necessary to establish nondischargeability in actions commenced under 11 U.S.C. § 523(a). 498 U.S. at 284–85, 111 S.Ct. at 658–59, *accord Halpern v. First Georgia Bank (In re Halpern),* 810 F.2d 1061, 1064 (11th Cir.1987); *see also Tam,* 136 B.R. at 285; *see generally Clayton,* 168 B.R. at 705; *Hanna,* 163 B.R. at 924.

Additionally, the expertise of the arbitrator has not been questioned and the findings in the award were clearly within the scope of his authority under the parties' agreement to submit to binding arbitration and the accompanying consent order. With respect to procedural adequacy, no transcript has been provided and the award offers little in terms of detailed factual findings in support of its conclusion. No one, however, has raised any challenge concerning an alleged lack of fair and full opportunity to present their case before the arbitrator and the award is specific in its conclusion.[6] Further, neither party has suggested that it was denied the opportunity to present evidence or examine and cross-examine witnesses. For all of the above reasons and based on the aforecited precedent, this Court concludes that it is appropriate to review the doctrine of issue preclusion for purposes of determining whether relitigation of factual issues decided in a prior arbitration proceeding should be estopped herein.

---

**4.** The issue preclusive effect of arbitration awards in dischargeability actions has been specifically addressed by several bankruptcy courts. *See Swanson v. Tam (In re Tam),* 136 B.R. 281, 285 (Bankr.D.Kan.1992); *see also Clayton,* 168 B.R. at 704–05; *Arndt v. Hanna (In re Hanna),* 163 B.R. 918 (Bankr.E.D.N.Y.1994); *cf. Thames River Assoc. Ltd. Partnership v. William Guiel and Son (In re Thames River Assoc. Ltd. Partnership),* 160 B.R. 696, 698 n. 2 (Bankr.D.Conn.1993) (claim preclusion regarding validity of lien).

**5.** Indeed, an error of law or interpretation may not be sufficient for an overturning of an arbitral

award. *Celotex,* 196 B.R. at 607, citing *Lifecare,* 68 F.3d at 435. *See also Sullivan, Long & Hagerty, Inc. v. Local 559, Laborers' Int'l Union of North America,* 980 F.2d 1424, 1427 (11th Cir. 1993).

**6.** As discussed hereinbelow, however, Debtor's liability is based on a specific finding by the arbitrator that he took certain accounts receivables which were generated through his medical practice but belonged to Plaintiff under the employment agreement.

■ Although seemingly inconsistent with the Supreme Court's ruling in *Marrese,* 470 U.S. at 380–81, 105 S.Ct. at 1331–32, a federal test has evolved along with the applicable state law criteria for analyzing preclusive effect.[7] Although the state and federal standards for issue preclusion are very similar, as discussed hereinbelow they are not completely identical. *Accord Graham,* 191 B.R. at 494 n. 3; *Clayton,* 168 B.R. at 705. Under Georgia law, issue preclusion (estoppel by judgment) prevents relitigation by parties or their privies of matters within the scope of the previous pleadings, which were either necessary for the prior ruling or were actually litigated and adjudicated. *See Usher v. Johnson,* 157 Ga.App. 420, 278 S.E.2d 70 (1981); O.C.G.A. §§ 9–12–40 and 9–12–42; *see also Graham,* 191 B.R. at 494–95; *Morris,* 185 B.R. at 943. The Georgia preclusion test can be restated as follows: (1) the issues must be identical in the two actions; (2) the issue in the prior action must have been necessarily or actually litigated; (3) the prior determination must have been a critical and essential component of the prior ruling; (4) the parties must have had a full opportunity to litigate the issue in the prior action; and (5) the present litigants must have been involved in the prior action. *See Graham,* 191 B.R. at 495; *Clayton,* 168 B.R. at 705. Under the federal test, an additional requirement is that any difference in the relative burdens of persuasion in the current action and the prior one must be considered. *See Hoskins v. Yanks (In re Yanks),* 931 F.2d 42, 43 n. 1 (11th Cir.1991), *citing Grogan,* 498 U.S. at 285 n. 11, 111 S.Ct. at 658 n. 11, *see also Celotex,* 196 B.R. at 609; *Morris,* 185 B.R. at 944 n. 6.

■ This Court concludes that under either the state test or the federal test, preclusion is warranted with respect to the arbitrator's finding of Debtor's liability and the amount of same. Under state law standards, there is no question that the issue of liability was submitted to the arbitrator and that same was within his expertise.[8] In its state court complaint, Plaintiff alleged, among other things, that Debtor improperly removed all Plaintiff's patient and financial records (paragraph 14) and employed a collection agency to collect monies owed to Plaintiff (paragraph 17). In addition, as previously mentioned, there is no indication in the record of this Court, through allegation or offer of proof, that both parties did not have the opportunity to participate fully in the arbitration proceedings in presenting their arguments or evidence. Likewise, there is no allegation that the arbitration award was inappropriately entered either on the basis of procedural unfairness or on grounds of alleged fraud, corruption, or partiality of the arbitrator, or that the arbitrator overstepped his authority. In sum, it does not appear that the arbitrator failed to adhere to the procedures mandated by the Georgia Arbitration Code. *See* O.C.G.A. § 9–9–13 (vacation of award); *see also* O.C.G.A. § 9–9–12 (confirmation of award).

Further, under state law issue preclusion analysis, it appears there is an identity of issues in both the prior action and this action regarding liability, the issue was necessarily and actually litigated in the prior action, the determination of liability was an essential part of the arbitration award and state court judgment, and the parties, who are the same herein, had a full opportunity to present and argue their case in the prior action. Accordingly, this Court concludes that under state law, the courts of Georgia would bar Debtor from relitigating the arbitrator's determination of liability.

One of Debtor's principal arguments, apparently addressed to the additional requirement for issue preclusion under the federal test, rests on the asserted difference in evidentiary standards whereby Debtor contends that the arbitrator did not apply the Federal Rules of Evidence. *See Sixteen Twenty Eight Bellevue Ltd. Partnership et al. v. Barigian (In re Barigian),* 72 B.R. 407

7. *See generally League v. Graham (In re Graham),* 191 B.R. 489, 493–94 (Bankr.N.D.Ga.1996); *Sims v. Morris (In re Morris),* 185 B.R. 939, 944 n. 6 (Bankr.N.D.Ga.1994); *Sciarrone v. Brownlee (In re Brownlee),* 83 B.R. 836, 838 (Bankr. N.D.Ga.1988).

8. See also discussion herein pertaining to Debtor's motion for summary judgment.

(Bankr.C.D.Cal.1987). With regard to this argument, however, the Court finds Debtor's contention unpersuasive. *See generally Clayton*, 168 B.R. at 705 (criticizing *Barigian* analysis).[9] The Court also finds no basis for concluding that the relative burdens of persuasion were significantly different since, at the very least, the arbitrator must have used the preponderance standard, and the Court further finds that Debtor has failed to show any other basis for concluding that preclusive effect is unwarranted in connection with the arbitrator's determination of liability. *Accord Greenblatt*, 763 F.2d at 1360–61.

Moreover, the resulting judgment of the Gilmer Superior Court does not appear to have been challenged or otherwise altered or amended for any reason. This Court observes, generally, that the amount of a state court judgment should not be altered in a bankruptcy dischargeability action. *See e.g. Gunter v. Morton (In re Morton)*, 100 B.R. 607, 612 (Bankr.N.D.Ga.1989). Additionally, there is no reason judgments approving arbitration awards should be treated any less final than other judgments. *Clayton*, 168 B.R. at 705; *Tam*, 136 B.R. at 287. Thus, with respect to the issue of Debtor's liability and the amount of same, this Court finds and concludes under either the federal or the state law tests for issue preclusion, that each of the required elements for application of same has been satisfied and the arbitration award, to this extent, will be accorded preclusive effect in this adversary proceeding.

As distinguished from Debtor's liability, however, a different conclusion is warranted on the issue of non-dischargeability of said indebtedness. Debtor is correct in arguing that several theories of liability were presented to the arbitrator and that he did not specify which one he used in reaching his decision. Both 11 U.S.C. § 523(a)(2)(A) and (a)(4) focus on matters pertaining to fraudulent conduct and require analysis of intent.[10] To succeed under Section 523(a)(2)(A), Plaintiff must show that Debtor committed positive or actual fraud involving moral turpitude or intentional wrongdoing. Legal or constructive fraud, which involves an act contrary to a legal or equitable duty that has a tendency to deceive, yet not originating in an actual deceitful design, is insufficient. *See Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir.1986); *Agricredit Acceptance Corp. v. Gosnell (In re Gosnell)*, 151 B.R. 608, 611 (Bankr.S.D.Fla.1992); *see also Burroughs v. Pashi (In re Pashi)*, 88 B.R. 456, 458 (Bankr.N.D.Ga.1988).[11] Hence, under Section 523(a)(2)(A), Plaintiff must show the following: (1) that Debtor obtained money, property, or credit; (2) by false representation, pretense, or fraud knowingly made or committed; (3) with the intent to deceive Plaintiff; (4) upon which Plaintiff justifiably relied; and (5) which resulted in injury or loss to Plaintiff. *Vann*, 67 F.3d 277; *Hunter*, 780 F.2d at 1579.

Section 523(a)(4), as it relates to wrongful acts conducted in a fiduciary capacity, can be satisfied by evidence of either fraud or defalcation. As contrasted with

---

**9.** As observed in *Clayton*, rigorous insistence on application of the Federal Rules of Evidence in state arbitration proceedings could disqualify many state court judgments from receiving full faith and credit in federal court. 168 B.R. at 705.

**10.** These provisions state in pertinent part as follows:
(a) A discharge under ... this title does not discharge an individual debtor from any debt—
(2) for money, property, services, or ... credit, to the extent obtained, by—
(A) false pretenses, a false representation, or actual fraud ...

. . . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. . . .

**11.** 11 U.S.C. § 523(a)(2)(A) & (a)(4). These elements must be proven by a preponderance of the evidence. *See Graham*, 191 B.R. at 493; *cf. City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277 (11th Cir.1995); *see also Sandalon v. Cook (In re Cook)*, 141 B.R. 777, 780 (Bankr.M.D.Ga. 1992).

**11.** Reckless disregard for the truth or falsity of a statement can also supply the necessary basis for a determination of nondischargeability under this provision in the proper circumstances. *Birmingham Trust Nat'l Bank v. Case*, 755 F.2d 1474, 1476 (11th Cir.1985).

fraud, defalcation only requires a showing that a fiduciary failed to account for moneys entrusted to him and may include negligence. To establish a right to relief under this provision, however, Plaintiff must first establish that a fiduciary relationship existed as of the type exemplified by an express or technical trustee. Such a relationship, which must precede the bad acts in question, can be created either by agreement or by operation of law.

 To establish larceny under Section 523(a)(4), it must be shown that Debtor unlawfully took and carried away property belonging to another with intent to permanently deprive the owner of same. *See generally American Gen. Fin., Inc. v. Heath (In re Heath)*, 114 B.R. 310 (Bankr.N.D.Ga. 1990); *Computer Prods. Inc. v. Nahabedian (In re Nahabedian)*, 87 B.R. 214, 215 (Bankr. S.D.Fla.1988). To prove embezzlement, it must be established that Debtor, with fraudulent intent, appropriated property he did not own, but of which he was rightfully in possession, for a use other than that for which such property had originally been entrusted to Debtor. *See Transamerica Commercial Fin. Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 555 (9th Cir.1991); *Cook*, 141 B.R. at 780; *see also Trane Fed. Credit Union v. Conder (In re Conder)*, 196 B.R. 104, 110 (Bankr.W.D.Wis.1995); *Memorial Hosp. v. Sarama (In re Sarama)*, 192 B.R. 922, 931 (Bankr.N.D.Ill.1996).

 An absence of specific factual findings in an arbitration award does not necessarily mean that preclusion is unwarranted. *Greenblatt*, 763 F.2d at 1361; *Hanna*, 163 B.R. at 926. Based on the present record, however, this Court is unable to determine whether the liability award of the arbitrator was supported by the required finding of fraud or other alternative factual findings that would deny the dischargeability of the debt in question under Section 523(a)(2)(A) or (a)(4). *Accord Hanna*, 163 B.R. at 926; *Tam*, 136 B.R. at 286. Moreover, issues of fraud or intent are not ordi-

narily amenable to summary disposition due to the importance of the Court's personal observation of witness demeanor during examination in relation to assessing credibility. In considering a summary judgment motion, the Court cannot make findings as to credibility or weigh the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–51, 253–55, 106 S.Ct. 2505, 2510–12, 2512–14, 91 L.Ed.2d 202 (1986); *Mize*, 93 F.3d at 742–43. Issues pertaining to intent are especially susceptible to this restriction and thus summary judgment cannot be entered on the issue of dischargeability.

With respect to Debtor's motion for summary judgment, he argues that the settlement agreement entered into by the parties in 1992, which resulted in the dismissal of the criminal indictment, constitutes a mutual release of all related claims and any claims for fraud, embezzlement, or larceny were thereby transformed into a "dischargeable monetary damages agreement" under which the Debtor has fully performed.[12] Debtor further asserts in his counterclaim that he is entitled to damages in the sum of $11,372.98 by reason of Plaintiff's alleged breach of the settlement agreement.

In response, Plaintiff counters that Debtor was required to co-sign a certain promissory note or pay at least one-half of the principal amount of said indebtedness as a precondition for the dismissal of the state court action. Plaintiff contends that under the settlement agreement the claims asserted in the state court complaint were not dismissed because the necessary preconditions for same were not satisfied and, consequently, the civil suit was placed back on the state court trial calendar; whereupon, the parties eventually agreed to submit to binding arbitration. Plaintiff admits the receipt of $11,372.98 as alleged in Debtor's counterclaim, but adds that said amount was taken into consideration by the arbitrator in making his award.

 Issues pertaining to Debtor's alleged breach or performance under the settlement agreement, along with disputes over

---

12. Plaintiff's state court civil suit against Debtor was commenced on May 29, 1990 alleging breach of contract, theft by conversion, and tortious interference with contract and seeking pu-

nitive and compensatory damages. Criminal charges had been brought on January 29, 1990 for theft by conversion.

proper interpretation of the agreement (*see e.g.* paragraphs 4 & 5), are simply not relevant to the issue presented for decision herein. The scope of the arbitration award was clearly broad enough to encompass any and all issues arising in connection with the settlement agreement and related matters including Debtor's counterclaim. Arguments associated with the settlement agreement were subsumed in the arbitration and state court judgment and may not be raised in this adversary proceeding. Debtor's liability has been established and only the dischargeability issues arising under Section 523(a)(2)(A) and (a)(4) are to be tried and decided in this forum.[13]

As previously mentioned, Debtor has also moved to quash portions of the affidavit of Plaintiff's president Dale C. Lingle. Among other things, Debtor argues paragraph 8 of the affidavit contains hearsay and should be stricken because it is inconsistent with Plaintiff's response to a certain interrogatory.[14] Debtor further argues that Plaintiff is required to submit factual evidence in admissible form to rebut Plaintiff's alleged prima facie case pursuant to Fed.R.Civ.P. 56(e) and Fed.R.Bankr.P. 7056.

To the extent Debtor is challenging the admissibility of evidence submitted in the form of an affidavit, his argument is without merit. In responding to a motion for summary judgment, a nonmoving party is not required to produce evidence in admissible form under Fed.R.Civ.P. 56(c) and (e), so long as the facts alleged can be proved at trial by evidence in admissible form. *See generally Celotex v. Catrett,* 477 U.S. at 324, 106 S.Ct. at 2553. In any event, as stated above, matters pertaining to degree of compliance with the terms of the settlement agreement will be considered herein only to the extent the relevance of same is sufficiently demonstrated with respect to the issue of dischargeability.

Debtor also filed a second motion to dismiss Plaintiff's complaint. This motion is denied for the following reasons. First, with respect to the timeliness of the filing of Plaintiff's amended complaint as orally ordered by this Court at a hearing on May 8, 1996, Plaintiff amended its complaint within ten (10) days of the entry of said order and the Court finds such amendment to be timely. Next, Debtor argues Plaintiff's second amended complaint still fails to plead fraud with sufficient particularity. The Court finds that Plaintiff's amended claim for relief could have been more fully pled, but is sufficient to raise a claim in terms of Debtor's alleged handling of the receivables belonging to Plaintiff and to place Debtor on notice concerning the matters to be tried under Section 523(a)(2)(A) and (a)(4).

Finally, in both his second motion to dismiss as well as his response to Plaintiff's summary judgment motion, Debtor contends that Plaintiff is a non-entity and does not exist because either no record of its existence can be located by the Georgia Secretary of State's Office or, if Plaintiff ever legally existed, it has been administratively dissolved. Although Debtor has never challenged the identity of Plaintiff herein during the course of the litigation between the parties, in view of these contentions, Plaintiff, named hereinabove as Tower Oak, Inc., must either amend its pleadings to reflect the appropriate name of the Plaintiff herein, setting forth the precise relationship between Tower Oak, Inc. and Tower Oak Corporation and/or establishing that they are one and the same, or must present proper, sufficient evidence to this Court, forthwith, establishing its own viability as a proper corporate entity under state law. Subject to Plaintiff's compliance with the foregoing directions, the Court finds that Debtor's arguments are without merit.

Accordingly, for the above reasons, it is

**ORDERED** that Defendant–Debtor's motion for summary judgment is denied; that Defendant–Debtor's motion to quash portions of Dale Lingle's affidavit is denied; and that Defendant–Debtor's second motion to dis-

---

**13.** In addition, the Court notes that Debtor's argument that the settlement agreement somehow transformed the character of the underlying claims is inconsistent with case precedent in this circuit. *See Greenberg v. Schools,* 711 F.2d 152 (11th Cir.1983).

**14.** Plaintiff states that it will amend its response as appropriate. Debtor has also filed a motion to compel discovery based on Plaintiff's alleged willful failure to respond to certain discovery requests, which will be decided in a separate written order entered herewith.

miss complaint is denied subject to Plaintiff's amendment to its pleadings and presentation of proper, competent evidence as directed hereinabove and without prejudice to Debtor's right to renew its arguments at trial with respect to same. It is

**FURTHER ORDERED** that Defendant–Debtor's liability having been finally determined in certain state court proceedings and the Court having concluded it appropriate to accord preclusive effect to the arbitration award made the judgment of the state court on the issue of liability and amount of Debtor's indebtedness to Plaintiff, Plaintiff's motion for summary judgment is granted to the extent of the existence, validity, and amount of Debtor's debt. With regard to dischargeability, however, the Court, having concluded preclusive effect is not warranted, and the record not otherwise supporting a determination that Plaintiff has established the requisite elements on such issue as a matter of law, Plaintiff's motion is denied with respect to the alleged nondischargeable character of said indebtedness under 11 U.S.C. § 523(a)(2)(A) and (a)(4).

This matter has been set for trial on the remaining issues for decision as discussed hereinabove and the parties and their counsel are directed to be prepared to proceed with the trial of this matter on the date previously set by the Court.

**IT IS SO ORDERED.**